Mr. White, who argued for the person offering the copy in evidence, relied on the practice in the superior courts.

The copy of the deed produced was certified by A. B., deputy register, for C. D., register.

Mr. Haywood, for the defendants, objected that it ought to have been certified by the principal register by his deputy, and not by the deputy for the principal.

PER CURIAM. This is a mere verbal criticism. The meaning is the same, either way. The general rule is that a person can do that by another which he can do himself. The register might by his deputy certify; and whether it is signed thus: A. B., register, by C. D., deputy register, or thus: C. D., deputy register, for A. B., register, is immaterial, for it means the same thing, viz., the act of the principal by the deputy, and is good.

---

## Case No. 3,162.

### COOK et al. v. LANSING.

[3 McLean, 571.][1]

Circuit Court, D. Illinois. June Term, 1847.

ASSIGNEE IN BANKRUPTCY — SUIT BY BANKRUPT— PLEA IN ABATEMENT.

1. Under the bankrupt law [of 1841 (5 Stat. 443)], all the interests and effects of a bankrupt may pass to his assignee, and suits should be brought in his name, or for the benefit of the creditors whom he represents.

2. To a suit in the name of the bankrupt the defendant may plead the bankruptcy, and the appointment of an assignee, in abatement.

Mr. Baker, for plaintiffs.
Cole & Brown, for defendants.

OPINION OF THE COURT. This action is founded on a judgment obtained in the state of New York. The defendants pleaded that plaintiffs [Cook & Maxwell] filed their petition in bankruptcy, that an assignee was appointed, that the above judgment was placed on the schedule as assets, and that the right having passed out of the plaintiffs to the assignee, the suit should have been brought in his name. To this plea a demurrer was filed.

Under the bankrupt law, the entire property and interests of the bankrupt were vested in the assignee. Provision was made for the prosecution of suits then pending; but all suits commenced after the appointment of the assignee, should be brought in his name, or at least prosecuted for the benefit of the creditors, whom he represents. And as this suit has not been brought in either of these forms, but by the bankrupts, the demurrer to the plea is overruled.

---

[1] [Reported by Hon. John McLean, Circuit Justice.]

## Case No. 3,163.

### COOK v. MALLORY.

[44 Hunt, Mer. Mag. 627.]

District Court, New York.[1] 1861.

COLLISION—CHANGE IN THE RULE OF DAMAGES.

The rule of general law which gave damages for a collision to the full amount of the injury is superseded by the statute of 1851 [9 Stat. 635] which limits the recovery to the amount of the interest of the owners in the colliding vessel and her freight pending at the time of the collision, and the power of the court to award greater damage is abolished by positive law.