## Case No. 12,733.

### SHEARMAN et al. v. BINGHAM et al.

[1 Lowell, 575;[1] 5 N. B. R. 34; 3 Chi. Leg. News, 258.]

District Court, D. Massachusetts. April, 1871.[2]

BANKRUPTCY—COURT WHERE CASE PENDING—ACTION IN ANOTHER DISTRICT.

The district courts of the United States in a district other than that in which the proceedings in bankruptcy are pending have no jurisdiction of suits by the assignees against debtors of the bankrupt by virtue of any provision of the bankrupt law.

[Criticised in Goodall v. Tuttle, Case No. 5,-533. Cited in Lamb v. Damron, Id. 8,014; Jobbins v. Montague, Id. 7,330.]

[Cited in Otis v. Hadley, 112 Mass. 106.]

Assumpsit by [Sumner W. Shearman and others] assignees to recover money alleged to have been paid by the bankrupts to the defendants [Osmer A. Bingham and others] by way of preference. A plea in abatement set up that the writ did not show jurisdiction in this court, and that in point of fact there was none, because the proceedings in bankruptcy were pending in the district court of Rhode Island.

C. T. Russell and H. W. Suter, for defendants.

The first and second sections of the bankrupt act confer jurisdiction of actions between the assignee and persons claiming an adverse interest upon the circuit and district courts of that district only in which the proceedings are pending. In re Richardson [Case No. 11,774]. The writ does not allege that the proceedings are pending here, and as the district courts have only the special jurisdiction conferred by the statute, all necessary averments must be made on the face of the record, or the action will be abated or dismissed.

E. P. Brown, for plaintiffs.

It is highly important that the district and circuit courts should take jurisdiction in such cases as this, in order to preserve uniformity in the construction of the act. The language of the statute is broad enough to cover this case.

LOWELL, District Judge. I must assume the fact that the plaintiffs were appointed assignees in Rhode Island, because if it were otherwise they should have taken issue on the plea; but that there may be no miscarriage, they may do so within one week, if the plea should be adjudged valid. The cases cited by the defendants, and one other carefully considered case by Dillon, J. (Markson v. Heaney [Case No. 9,098]), decide that the circuit and district courts of districts other than that in which the proceedings in any bankruptcy are pending, have no jurisdiction

in equity to carry out the provisions of the bankrupt law in aid of these proceedings. The decision of Mr. Justice Story in Ex parte Martin [Id. 9,149], in which this auxiliary jurisdiction was affirmed, does not appear to have been cited in the discussion of either of these cases. That eminent jurist exhibits with great force the convenience which will be promoted by the exercise of such a power, and concludes that section six of the act of 1841 is broad enough to confer it. The clauses on which he relies as conferring a general jurisdiction are those which open and close the grant of power, viz.: "The district court in every district shall have jurisdiction in all matters and proceedings in bankruptcy arising under this act" . . . "and to all matters and things done and to be done under and in virtue of the bankruptcy until the final distribution and settlement of the estate of the bankrupt and the close of the proceedings in bankruptcy," he holds that the intermediate grant of power in particular cases is affirmative only and not restrictive. The learned judge does not refer to section eight, which gives the circuit court for the district where the decree of bankruptcy is passed concurrent jurisdiction with the district of all suits at law and in equity by and against the assignee. He confesses to great doubt as to the true construction of the act, but on the whole upholds it. Judge Prentiss afterwards followed the decision in Ex parte Martin [supra], relying wholly upon it as authority for his action, though it is evident that he had his own doubts upon the question. Moore v. Jones, 23 Vt. 739, 746.

Ex parte Martin having been decided upon a different statute, and one which, though it is hardly to be distinguished from that of 1867 upon this point, does yet differ from it in some particulars, does not bind my judgment absolutely, and I shall therefore consider the case anew. And I must say that it seems to me that sections one and two of the act of 1867 grant jurisdiction only to the circuit and district courts of the district in which the petition in bankruptcy is filed.

Authority is undoubtedly given as under the former law, to hear and adjudicate upon all matters and proceedings in bankruptcy; but if this gives jurisdiction to all federal courts of suits by and against assignees, without reference to the venue of the bankruptcy, it is very difficult to see why the district courts have not jurisdiction of all bankruptcies without reference to the residence or place of business of the bankrupt. The qualification immediately added after the grant to hear and adjudicate, viz.: "According to the provisions of this act," refers us to section eleven, by which we find that the proceedings must be where the debtor resides or carries on his business; and so, when we look to section two, we find the supervisory power of the circuit court is only over cases and questions "within and for the district where the proceedings in bankruptcy shall be pend-

---

[1] [Reported by Hon. John Lowell, LL. D., District Judge, and here reprinted by permission.]

[2] [Reversed in Case No. 12,762.]

ing." And the concurrent jurisdiction of such suits as the present, "in the same district," evidently means the district in which the proceedings are pending. This is so understood by Judge Dillon in the case above cited, and I see no other reasonable construction of the words. The corresponding section (eight) of the law of 1841, is so, as we have seen, and I have never heard a doubt expressed of the correctness of this interpretation.

It may not be amiss to repeat that section six of the act of 1841 differs a little from section one of that of 1867 in this: the earlier law gives jurisdiction to the several district courts of all matters and proceedings in bankruptcy, arising under the act or under any other that may afterwards be passed—a very comprehensive form of expression. The present law says they shall have jurisdiction in all matters and proceedings in bankruptcy, and they are hereby authorized to hear and adjudicate upon the same, according to the provisions of this act. Then, as we read on through the section, we find the marshalling of assets and many other proceedings specially mentioned, but all with reference to a bankruptcy supposed to be pending before that court. Mr. Justice Story, as we have seen, considered similar provisions in the law of 1841 as cumulative only; but it seems to me much more logical to construe the first section throughout as giving the most ample powers to the district courts to conduct and settle the proceedings in bankruptcy; but that it does not relate to suits at law or in equity between the assignee and third persons, which are regulated by section two.

It was the practice under the former acts to call upon the court by summary petition to dispose of all these rights; but the better opinion is, that under the act of 1867 the assignee must bring his action at law or in equity, as the nature of the case may require; and I understand the supreme court, at this term, to have recognized this as the true practice. If so, it is because such actions depend on section two, and not on the summary processes mentioned and implied in section one. Now, we have already seen, section two confines the jurisdiction of suits to the courts of the same district where the bankruptcy is pending. Upon the whole, therefore, I am of opinion that the true meaning of the law is that I have jurisdiction of such actions as this only when the bankruptcy is here. And I find in the decisions under this law, authorities which may properly be considered as balancing that of Ex parte Martin [supra], and leaving me free to follow my own judgment. I should be glad to have the point taken to the circuit court for review. I may properly say that I should not regret to have my decision overruled, because I can see that there may, in the long run, be much convenience in bringing these cases in the federal courts, or in having the right to bring them there. Still I cannot admit that there is likely to be a failure of justice without it,

because the state courts must deal with all titles depending upon bankruptcy precisely as the courts of the United States do, and must look to the supreme court at Washington as the ultimate arbiter of all doubtful points arising under the law. In point of fact, the larger part of such suits arising in Massachusetts are now brought in the state courts, unless I am misinformed, and it is probable that the practice will continue unless the supreme court should deny the jurisdiction of the state courts, because the forms and modes of proceeding are more familiar to the bar, and the courts are nearer at hand. If this court should absorb the whole of this jurisdiction, it is not certain that a trial could always be had in every case at the first term, as is now entirely feasible if the parties desire it. Another suggestion I will make for what it may be worth. It is possible that in a case such as this appears to have been in its origin—that is, where partners who live in different districts become bankrupt, proceedings could so far be taken in each district as to give both courts jurisdiction. I do not know that this experiment has ever been tried, and I give no opinion on the point.

The plea must be adjudged good, and the suit will be dismissed, without costs, for want of jurisdiction, unless the plaintiffs amend by taking issue on the plea within ten days. They can take exceptions to my ruling within the same time, if so advised. Plea sustained.

[NOTE. A judgment was entered for the defendants, whereupon plaintiffs carried the case by writ of error to the circuit court, where the judgment of the district court was reversed. Case No. 12,762. For a hearing upon the merits, see Case No. 12,732.]

SHEARMAN v. BINGHAM. See Cases Nos. 12,732 and 12,733.