BENJAMIN F. OTIS & another *vs.* BROOKS HADLEY & another.

State courts have jurisdiction of actions brought by assignees of bankrupts to recover property conveyed by such bankrupts in fraud of the bankrupt laws.

At the trial of an action brought by the assignees of a bankrupt to recover back property alleged to have been conveyed by him to the defendants, his creditors, with a view to give them a preference, the plaintiffs, upon the question whether the bankrupt was at the time insolvent, may introduce evidence of the amount of the property found and attached in his shop three or four days afterwards, and delivered by the attaching officer to the assignees after their appointment; and, as affecting the issue whether the bankrupt was insolvent or contemplated insolvency and intended a preference, may interrogate the bankrupt, being a witness, as to his belief at that time as to his insolvency, and his belief

Otis *v.* Hadley.

as to his possession of money sufficient to pay his debts; and may show that, about the time of the conveyance in question, he mortgaged his stock, tools and machinery.

The exclusion of a question asked upon cross-examination furnishes no ground of exception where the bill of exceptions does not show the purport of the question or that it had a material bearing upon any point in controversy.

The provision of the bankrupt act of 1867, c. 176, § 35, that if a conveyance is not made in the usual and ordinary course of business of the debtor, the fact shall be *prima facie* evidence of fraud, applies to conveyances made with a view to give a preference within four months before the commencement of proceedings in bankruptcy.

In order to maintain an action by assignees in bankruptcy to avoid a conveyance made with a view to give a preference under the bankrupt act of 1867, c. 176, § 35, it is not necessary to prove that the defendants knew that the conveyance was made in fraud of the bankrupt act, or was not made in the ordinary course of business of the debtor; but it is sufficient that they had reason to believe it.

In an action brought by the assignees of a bankrupt to recover the value of property conveyed by him to the defendants by way of preference, it appeared that the bankrupt was a manufacturer of boots and shoes, and that the conveyance by him to the defendants was a conveyance of unmanufactured leather. *Held,* that evidence on behalf of the defendants that they had frequently bought unmanufactured stock of other boot and shoe manufacturers was immaterial, and that the opinion of witnesses was incompetent upon the question whether the sale of unmanufactured stock by such a manufacturer would be a suspicious circumstance which would affect his credit; but that evidence was admissible to show that it was a general custom and within the ordinary course of business of boot and shoe manufacturers to make such sales, and that such custom was generally known.

ACTION by the assignees in bankruptcy of Wales B. Thayer against certain creditors of the bankrupt to recover back the value of property alleged to have been conveyed by him to them with a view to give a fraudulent preference. The declaration alleged that Thayer filed his petition in bankruptcy March 22, 1870 : that on March 4, 1870, he being then insolvent, with a view to give a preference to the defendants, who were then his creditors, and then had reasonable cause to believe him to be insolvent, transferred to them certain of his property which was particularly described in the declaration; that this transfer was made in fraud of the provisions of the U. S. St. of 1867, c. 176, and was therefore void. The answer denied each and every allegation of the declaration.

Trial in the Superior Court, before *Scudder,* J., who, after verdict for the plaintiffs, allowed the defendants' following bill of exceptions :

" Before the trial began, the defendants moved to dismiss the action, because the court had no jurisdiction of the cause of action declared on in the plaintiffs' writ; but this motion was overruled by the court, and the defendants excepted.

" It appeared at the trial that said Thayer filed his petition in bankruptcy March 22, 1870, was adjudged a bankrupt March 26, 1870, and the assignment was made April 23, 1870 ; that the property, the value of which the plaintiffs seek to recover back, was delivered to the defendants March 4, 1870 ; that March 2, 3 or 4, 1870 — the evidence respecting which day it was being conflicting — a person who was a stranger to the defendants called at their place of business in Boston, and introduced himself as a clerk of said Thayer, and said to the defendants that said Thayer had a lot of leather for which he had no use, and desired to sell it to them in payment of certain notes which the defendants then held against said Thayer ; that the defendants, after inquiring what kinds of leather said Thayer desired to sell, and the price thereof, replied that if said leather proved to be as represented, they would take it in payment of said notes ; that said leather was delivered as above stated, and is the property the value of which the plaintiffs seek to recover ; that said notes were afterwards given up to said Thayer ; that said notes were dated February 13 and 18, 1870, were payable in sixty days thereafter, and were given by said Thayer to the defendants for leather purchased by him of them on said dates ; that said Thayer was at the time of his failure, and had been for a year prior to that time, a manufacturer of boots and shoes in the town of Randolph ; that the defendants were wholesale dealers in leather in the city of Boston.   There was other evidence as to the circumstances attending the transaction, relied upon by the plaintiffs.

" The plaintiffs called as a witness William H. Warren, a deputy sheriff for Norfolk County, and offered to show by him that he made an attachment of said Thayer's property March 7, 1870, to which the defendants objected ; but the testimony was admitted by the court, and the defendants excepted thereto. Said Warren was asked by the plaintiffs, what amount of stock he found in the shop of said Thayer at that time, to which the defendants objected ; but the answer was admitted by the court, and the defendants excepted thereto.   Said Warren was also allowed to testify, against the objection of the defendants, that he retained said attached property in his possession until

he delivered it to the assignees in bankruptcy of said Thayer, and the defendants excepted thereto.

" George Daniels, one of the plaintiffs, was a witness in the case, and testified that the general reputation of Wales B. Thayer for solvency was bad for a fortnight or ten days before March 4, 1870 ; and on cross-examination by the defendants, he was asked, as bearing on the question of his pecuniary standing and credit, whether or not certain persons whose names were given in the question, and who were leading wholesale dealers in leather in Boston, had testified at a former trial of this case. It had already appeared that the case had been tried before. This question was objected to by the plaintiffs, and ruled out by the court, to which ruling the defendants excepted.

" After the cross-examination of said Daniels was concluded, he was asked by the plaintiffs' counsel what amount of property he received as said assignee when appointed. This question was objected to by the defendants, but admitted by the court, and to this ruling the defendants excepted.

" Wales B. Thayer was called as a witness by the plaintiffs, and stated, in answer to a question by the plaintiffs, that he was insolvent March 4, 1870 ; that he did not know that he was insolvent March 4, 1870; and then he was asked, ' What was your belief on the said fourth day of March, as to your insolvency ? ' This question was objected to by the defendants, but admitted by the court, and the defendants excepted thereto. The answer given was, ' I don't know that I believed I was solvent or insolvent.' This witness was then asked by the plaintiffs, ' Did you then believe that you had money enough to pay your debts ? ' This question was objected to by the defendants, but admitted by the court, and the defendants excepted. This witness was also asked by the plaintiffs for what purpose he sent his leather to the defendants. To the question the defendants objected, but it was admitted by the court, and the defendants excepted thereto.

" A mortgage of said Thayer's stock, tools and machinery, given by said Thayer to Seth Whittier, dated March 3, 1870, and recorded in the town clerk's office of the town of Randolph,

March 4, 1870, was offered in evidence by the plaintiff, objected to by the defendants and admitted by the court, to which the defendants excepted. It appeared in testimony that, with two or three exceptions, which occurred about the time of this transaction with the defendants, Thayer had never sold unmanufactured leather, but that this fact was unknown to the defendants.

" The defendants offered to prove that it was a general custom, and within the ordinary course of business, for persons in the same business with Thayer, namely manufacturers of boots and shoes, to sell unmanufactured stock, and that this was a custom generally known to such manufacturers and to dealers in leather. This testimony was objected to by the plaintiffs, and ruled out by the court, to which the defendants excepted.

" The defendants then offered to prove that they had frequently, both before and since this transaction with Thayer, bought unmanufactured stock of other manufacturers of boots and shoes. - This testimony was objected to by the plaintiffs, and ruled out by the court, to which the defendants excepted.

" The defendants then offered to show by witnesses of many years' experience as manufacturers of boots and shoes, and by witnesses of many years' experience as wholesale dealers in leather, that the fact of the sale or offer for sale, by a manufacturer of boots and shoes, of unmanufactured stock would not be a suspicious circumstance which would affect the reputation of the person so selling or offering to sell for solvency. To this evidence the plaintiffs objected, and their testimony was ruled out by the court, to which ruling the defendants alleged exceptions.

" The court instructed the jury that it was a question of fact for them to determine, whether the transaction between the said Thayer and the defendants was or was not within the ordinary course of said Thayer's business ; and if they found it was not, then that fact would be *primâ facie* evidence of fraud under the bankrupt law, as claimed by the plaintiffs.

" The defendants asked the court to instruct the jury that, in order to make the fact that the transaction was not in the usual course of business of Thayer *primâ facie* evidence against the defendants, the plaintiffs must show that the defendants knew it

to be so. This instruction was refused, and the defendant ex‑ cepted to the refusal."

*E. Avery*, for the defendants.

*R. M. Morse, Jr.*, for the plaintiffs.

GRAY, J. The bankrupt act of 1867, *c.* 176, § 35, provides that if any person, being insolvent or in contemplation of insol‑ vency, makes any payment, pledge, assignment, transfer or con‑ veyance of any part of his property, within four months before the commencement of proceedings in bankruptcy, with a view to give a preference to a creditor, the person receiving the same having reasonable cause to believe that the debtor is insolvent, and that the same is made in fraud of the provisions of this act ; or any sale, assignment, transfer, conveyance or other disposition of any part of his property, within six months, to any person having reasonable cause to believe him to be insolvent or to be acting in contemplation of insolvency, and that the same is made with a view to defeat, delay or evade any of the provisions of this act ; the same shall be void, and the assignee may recover the property or its value. Then follows this clause : " And if such sale, assignment, transfer or conveyance is not made in the usual and ordinary course of business of the debtor, the fact shall be *primâ facie* evidence of fraud."

The present action is brought by the assignees of a boot and shoe manufacturer to recover back property alleged to have been conveyed by him to the defendants, his creditors, with a view to give them a preference.

The motion to dismiss for want of jurisdiction was rightly over‑ ruled. The provision of the bankrupt act, on which the plaintiffs rely, is not a foreign law, nor in the nature of a penal statute, but an act passed by Congress in the exercise of the powers con‑ ferred upon it by the Constitution, binding throughout the United States, and conferring upon the assignees of the bankrupt, as rep‑ resentatives of all his creditors, rights in his property which may be enforced by suit in the state courts. *Ward* v. *Jenkins*, 10 Met. 583. *Ammidown* v. *Freeland*, 101 Mass. 303, 312. *Rohrer's Appeal*, 62 Penn. State, 498, 503. Actions by assignees ap‑ pointed under the bankrupt acts of 1841 and 1867, to recover

property conveyed in fraud of those acts, have been frequently maintained in the courts of this Commonwealth. *Jones* v. *Howland*, 8 Met. 377. *Beals* v. *Quinn*, 101 Mass. 262. *Forbes* v. *Howe*, 102 Mass. 427. *Knowlton* v. *Moseley*, 105 Mass. 136. *Shearman* v. *Bingham*, 1 Lowell, 575, 578.

To support the present action, the plaintiffs must establish two propositions : 1st. That the bankrupt, at the time of making the conveyance to the defendants, was insolvent or in contemplation of insolvency, and made it with a view to give them a preference ; 2d. That the defendants, at the time of receiving the conveyance, had reasonable cause to believe him to be insolvent and that the conveyance was made in fraud of the bankrupt act.

The testimony offered by the plaintiffs, and admitted against the defendants' objections, was all competent to be submitted to the jury in support of the first proposition. The evidence of the amount of the property found and taken possession of by the attaching officer in the bankrupt's shop three or four days after the conveyance to the defendants, and afterwards delivered by him to the assignees, bore upon the question whether the bankrupt was insolvent at the time of that conveyance. The questions asked of the bankrupt were competent as affecting the issue whether at the time of the conveyance he was insolvent or contemplated insolvency, and intended a preference. The mortgage made by him to Whittier about the same time was admissible for the same purpose.

The defendant has no ground of exception to the exclusion of the question put by him to one of the plaintiffs on cross-examination, because the bill of exceptions does not show the purpose of the question, or that it had a material bearing upon any point in controversy. *Gates* v. *Mowry*, 15 Gray, 564, 567. *Burke* v. *Savage*, 13 Allen, 408.

The clause of the bankrupt act, that if a conveyance " is not made in the usual and ordinary course of business of the debtor, the fact shall be *prima facie* evidence of fraud," manifestly applies to both classes of conveyances previously mentioned in the same section ; as well to those made within four months with a view to give a preference, as to those made within six months

with a view in any manner to defeat, delay or evade the provisions of the act. The instruction given to the jury was therefore correct. *Nary* v. *Merrill*, 8 Allen, 451. *Metcalf* v. *Munson*, 10 Allen, 491. *Scammon* v. *Cole*, 3 Bankr. Reg. 100. *Walbrun* v. *Babbitt*, 16 Wall. 577, 581. *Wager* v. *Hall*, Ib. 584, 600 *& seq.* The instruction requested was rightly refused. If the transaction between the bankrupt and the defendants was not in the ordinary course of his business, that fact was *primâ facie* evidence against them of the first proposition which the plaintiffs were bound to prove, namely, fraud on the part of the bankrupt. The other proposition to be established was not, as implied in the instruction requested, that the defendants knew of that fraud, but that they had reasonable cause to believe it. *Same cases. Coburn* v. *Proctor*, 15 Gray, 38. *Beals* v. *Quinn*, 101 Mass. 262. The instructions given to the jury upon that issue are not stated in the bill of exceptions, and must be presumed to have been accurate and sufficient.

The question being whether the transaction was fraudulent because made out of the ordinary course of business of this bankrupt, the evidence that the defendants had bought unmanufactured stock of other manufacturers of boots and shoes, was rightly rejected as immaterial. The testimony that sales or offers of sales of such stock by such a manufacturer would not be a suspicious circumstance which would affect his reputation for solvency was also rightly rejected, because that was not a matter upon which the opinions of witnesses were competent evidence.

But the evidence that it was a general custom and within the ordinary course of business for persons engaged in the same manufacturing business as this bankrupt to sell unmanufactured stock, and that this was a custom generally known to such manufacturers and to dealers in leather, should have been admitted, as bearing upon the question whether the conveyance to the defendants was made in the usual and ordinary course of the bankrupt's business, as well as upon the question whether the defendants had reasonable cause to believe him to be insolvent, and the conveyance to be made in fraud of the bankrupt act. The rejection of this evidence requires the      *Exceptions to be sustained.*