EBENEZER JONES *vs.* JAMES W. DEXTER & others.

Bristol. Oct. 23, 1877. — Oct. 21, 1878. LORD & SOULE, JJ., absent.

A partner may maintain a bill in equity against his copartner and a third person, to recover his proportion of moneys paid to the defendants by the United States in accordance with a decision of the Court of Commissioners of Alabama Claims, under the U. S. St. of June 23, 1874, for property of the partnership destroyed by an insurgent cruiser, although, after the destruction of the property and before the making of the Treaty of Washington of 1871, the plaintiff was adjudged an insolvent debtor under the laws of this Commonwealth, and all his property was duly assigned to his assignee, if all the debts proved against the plaintiff's estate in insolvency, or existing at the time of the assignment, have been paid, satisfied and discharged, and the assignee has signified his assent in writing to the maintenance of the bill in the name of the debtor.

BILL IN EQUITY by one partner, Jones, against his copartner, Dexter, and two other persons, to settle the affairs of a partnership.

The bill alleged that the partnership, at the time of its dissolution in 1861, owned a share in the whaling barque Ocean Rover, then at sea, and in her outfits and catchings, and that in 1862, upon the voyage, the vessel and her cargo were destroyed by the insurgent cruiser Alabama, and this share was not insured , and that pursuant to a decision of the Court of Commissioners of Alabama Claims, the sum of $1564 had been paid to Dexter in respect of his and the plaintiff's share in the vessel and outfits, and the sum of $55,068 to the other two defendants in respect of her total earnings and catchings, to be by them distributed among her owners, and praying for an injunction, an account and further relief.

To this bill Dexter filed a plea, stating that in 1864, under the insolvent laws of the Commonwealth then in force, the plaintiff, upon his own application, was adjudged an insolvent debtor, William S. Taber was appointed his assignee, and all the debtor's property was duly assigned and transferred to him, whereby Taber was and still is, to the exclusion of the plaintiff, entitled to any property or money which, in the settlement of the affairs of the partnership, might be found due or owing to the plaintiff.

The plaintiff then, with the assent of the defendants and by leave of court, amended his bill by alleging the adjudication of insolvency and the appointment of the assignee, and that the plaintiff in 1865 obtained a certificate of discharge, and that all debts proved against him in insolvency had been long since satisfied, paid and discharged, and no liabilities, existing or inchoate against him at the time of his insolvency, had any validity or existence ; that the assignee had long since terminated the duties of his trust and ceased to be interested in the property or affairs of the plaintiff, and was in no way entitled to the amount to be found due or owing to the plaintiff upon a settlement of the affairs of the partnership, and had never elected to take or accept the ownership of the claim set out in the bill ; and that any claim or title to redress, relief or indemnity, for loss suffered by destruction of the vessel, was not in its nature such as would pass to an assignee in insolvency, and that such assignee had no rights under the decision of the Court of Commissioners of Alabama Claims. The amendment also alleged that Taber joined in the bill to confirm the statement with respect to the proceed-

ings in insolvency and to disclaim all interest in the subject matter in controversy, and was signed by Taber as well as by the plaintiff's solicitor.

Dexter filed a plea to the amended bill, relying upon the matters set forth in his former plea. The plaintiff moved that the plea be set aside for insufficiency; and the case was reserved by *Endicott*, J., upon the bill and amended bill, the pleas and this motion, for the consideration of the full court.

*T. M. Stetson & F. B. Greene*, for the plaintiff.

*G. Marston*, for the defendant.

GRAY, C. J. It would seem that the assignment under the insolvent laws vested in the assignee in insolvency the title to the insolvent debtor's share in the partnership assets, including the sums awarded by the Court of Commissioners of Alabama Claims. Gen. Sts. *c.* 118, § 44. *Barker* v. *Goodair*, 11 Ves. 78. *Murray* v. *Murray*, 5 Johns. Ch. 60, 78. *Gray* v. *Bennett*, 3 Met. 522, 525. *Comegys* v. *Vasse*, 1 Pet. 173. *United States* v. *Hunter*, 5 Mason, 62, and 5 Pet. 193. *Leonard* v. *Nye*, *ante*, 455. But, upon the allegations of the amended bill, all the debts proved against the estate in insolvency, or existing at the time of the assignment, have been paid, satisfied and discharged, and the debtor is, in equity at least, entitled to the surplus assets remaining in the hands of the defendants, and the assignee, even if he cannot be considered to have been made a party to the bill in regular form, has clearly signified in writing his assent to the truth of these statements and to the maintenance of the bill in ⁺he name of the debtor. Under these circumstances, there is nothing in the provisions of the insolvent laws, or in the practice of courts of chancery, which prevents the bill being so maintained. Gen. Sts. *c.* 118, § 94. *Stone* v. *Hubbard*, 7 Cush. 595. *Wearing* v. *Ellis*, 6 De G., M. & G. 596.        *Plea overruled.*