WOOSTER B. MAYHEW *vs.* GEORGE F. PENTECOST.

Suffolk.    March 14, 1879. — Sept. 10, 1880.    MORTON & ENDICOTT, JJ., absent.

An action upon a debt due to a bankrupt before his bankruptcy may be brought in the name of the bankrupt, with the consent and for the benefit of the assignee in bankruptcy, who is also the assignee in fact.

CONTRACT, stated in the writ, dated June 8, 1877, to be brought for the benefit of Lewis Coleman. At the trial in the Superior Court, before *Pitman*, J., the plaintiff introduced evidence tending to prove the following facts :

On March 10, 1873, Mayhew paid the sum of $176.34, and on November 19, 1873, the sum of $231.25, for the benefit of the defendant, and at his request. On July 3, 1876, the defendant gave to Mayhew the following order : " Treasurer Second Baptist Society : Please pay W. B. Mayhew, Esq., the following

sums : $176.34, with interest from March 10, 1873, and $231.25, with interest from November 19, 1873, for money advanced to me while treasurer of the said society, and charge to me.    Boston, July 3, 1876.                          George F. Pentecost."

On July 11, 1876, Coleman lent from his own money to Mayhew the sum of $425, and took from Mayhew a borrowed and received memorandum for this sum, with this order as collateral security therefor, upon a statement by Mayhew that the order, and the debt which it represented, belonged to his wife as a gift from him for the purpose of enabling her to pay the interest on a mortgage, and the taxes upon the house in which she lived and of which she had the title, and that the money was to be now so applied, and upon the then belief of Coleman that the debt did not belong to the estate.    The judge ruled that the gift to the wife was not valid, and held this statement to be immaterial.

It was admitted that, on March 8, 1876, a petition was filed against Mayhew in bankruptcy in the District Court of the United States for the District of Massachusetts ; that, on April 18, 1876, Coleman was chosen the assignee in bankruptcy of Mayhew, and an assignment duly made to him of the estate of the bankrupt ; and that proceedings under that petition are still pending.

The plaintiff, at the trial, asked leave to file an affidavit of Coleman, in these words : " I, Lewis Coleman, named as plaintiff in interest in this cause, on oath depose and say that the same is prosecuted by me, in the name of Mayhew, not only for my benefit as assignee in fact of the causes of action in the declaration set forth, but also for my benefit as assignee in bankruptcy of said Mayhew, so far as said causes of action may belong to me as assignee in bankruptcy.    And I ask to make this affidavit a part of the record, so that the judgment may be conclusive upon me as assignee in bankruptcy, as well as assignee in fact." The defendant objected to the filing thereof.    But the judge allowed the same to be filed in the case for the benefit of whom it might concern ; ruling, nevertheless, that it could not affect the rights of the defendant in any way, or affect the legal question as to the right of the plaintiff to maintain this action.

The defendant requested the judge to rule that, upon these facts, this action could not be maintained ; that the right to

recover the sums of money paid by Mayhew for the benefit of the defendant, and the draft which represented it, passed by the assignment in bankruptcy to Coleman; and that suit to recover the same must be brought in the name of Coleman as such assignee. The judge refused so to rule, but ruled that the action might be maintained in the name of the plaintiff for the benefit of the parties in interest, whoever they might be; and the defendant alleged exceptions.

*M. Storey & B. L. M. Tower*, for the defendant, cited *Kinnear* v. *Tarrant*, 15 East, 622; *Beckham* v. *Drake*, 2 H. L. Cas. 579; *Hodgson* v. *Sidney*, L. R. 1 Ex. 313; *Morgan* v. *Steble*, L. R. 7 Q. B. 611, 614; *In re Young*, 12 W. R. 537; *Herndon* v. *Howard*, 9 Wall. 664; *Knox* v. *Exchange Bank*, 12 Wall. 379; *Cook* v. *Lansing*, 3 McLean, 571; *Hodges* v. *Holland*, 19 Pick. 43; *Sigourney* v. *Severy*, 4 Cush. 176; *Drury* v. *Vannevar*, 5 Cush. 442; *Stone* v. *Hubbard*, 7 Cush. 595; *Robinson* v. *Hall*, 11 Gray, 483; *Parks* v. *Tirrell*, 3 Allen, 15; *Norcross* v. *Pease*, 5 Allen, 331; *Gay* v. *Kingsley*, 11 Allen, 345; *Nash* v. *Nash*, 12 Allen, 345.

*J. H. Benton, Jr.*, for the plaintiff.

GRAY, C. J. By the recent bankrupt act of the United States, an assignment in bankruptcy vests in the assignee all the property owned by the bankrupt at the time of the commencement of the proceedings in bankruptcy, (with certain exceptions specified,) and all choses in action, debts, and rights of action of the bankrupt, " together with the like right, title, power and authority to sell, manage, dispose of, sue for and recover or defend the same, as the bankrupt might have had if no assignment had been made;" and " the assignee shall have the like remedy to recover all the estate, debts and effects in his own name, as the debtor might have had if the decree in bankruptcy had not been rendered and no assignment had been made." U. S. Rev. Sts. §§ 5044–5047.

The question whether an action upon a right belonging to the bankrupt at the time of the commencement of the proceedings in bankruptcy can be brought in his name, with the consent of the assignee, does not appear to have been decided by the Supreme Court of the United States. In *Herndon* v. *Howard*, 9 Wall. 664, an appellant from a Circuit Court became bankrupt

pending the appeal, and his assignee in bankruptcy moved to be admitted as a party appellant with him; Chief Justice Chase said that the bankrupt act seemed to require that the assignee should be substituted as appellant for the bankrupt, who might be said to be *civiliter mortuus*, precisely as an executor would be made party instead of an appellant actually deceased; but the point adjudged was, that the only form in which the assignee's motion could be granted was by admitting him in the place of the bankrupt, and not as a joint appellant. In *Knox* v. *Exchange Bank*, 12 Wall. 379, the decision was, that, when the bankrupt obtained his certificate of discharge before judgment in the court below in an action against him, he had no further interest in the case, and could not maintain a writ of error, but the assignee might prosecute the writ of error in his stead. Under the corresponding provisions of the bankrupt act of 1841, Mr. Justice McLean held that "all suits commenced after the appointment of the assignee should be brought in his name, or at least prosecuted for the benefit of the creditors whom he represents," and that a suit brought by the bankrupt, and not in either of those forms, could not be maintained. U. S. St. August 19, 1841, § 3. *Cook* v. *Lansing*, 3 McLean, 571.

But it is unnecessary to consider particularly the practice of the federal courts upon this subject, or the English decisions cited in the learned argument for the defendant. The question whether a suit upon a chose in action shall be brought in the name of the assignor or of the assignee, is a question of form of remedy only, and is to be determined by the *lex fori*. *Warren* v. *Copelin*, 4 Met. 594, 597. *Foss* v. *Nutting*, 14 Gray, 484. The bankrupt act not being a law of a foreign country, but a statute passed by Congress in the exercise of the powers conferred upon it by the Constitution, the assignee in bankruptcy may doubtless sue in his own name in the courts of this Commonwealth. *Ward* v. *Jenkins*, 10 Met. 583. *Stevens* v. *Mechanics' Savings Bank*, 101 Mass. 109. *Otis* v. *Hadley*, 112 Mass. 100. But no bankrupt act of the United States has undertaken to prohibit suits, upon debts due to the bankrupt before the bankruptcy, to be brought in the name of the bankrupt, with the consent of the assignee, in the courts of those States whose judicial procedure and practice allow suits to be so brought. There is a

dictum of Mr. Justice Dewey in *Ward* v. *Jenkins*, that a bankrupt would be incapable after bankruptcy of suing in his own name. 10 Met. 590. But that dictum, unless limited to the case of a bankrupt suing without the consent of the assignee, is inconsistent with the subsequent decisions of this court.

In *Drury* v. *Vannevar*, 5 Cush. 442, the payees of a witnessed promissory note, after the expiration of six years from the time when it became payable, were adjudged bankrupts under the act of Congress of 1841, and the assignee in bankruptcy sold and delivered the note, without any indorsement or writing, to one of the payees. The purchaser was held entitled to maintain an action thereon in the name of both payees for his own benefit; and the court said, " The defence has no reference whatever to the duty and obligation of the defendant to pay the note, but relates only to the manner of enforcing this duty and obligation." · In that case, the title in the note vested by the assignment in the assignee in bankruptcy; the purchaser from him acquired no right, by any provision of the bankrupt act, or by any rule of law or practice, to sue thereon in his own name; and he did not undertake so to sue, but was allowed to maintain an action in the name of the bankrupts, the original payees of the note. The reason for bringing the action in their name was to take advantage of the exception in the statute of limitations. Rev. Sts. *c.* 120, § 4. Gen. Sts. *c.* 155, § 4. But the decision maintaining the action so brought is a direct adjudication that a promissory note held by a bankrupt before the bankruptcy might be afterwards sued in his name, when no rights of the assignee or of creditors would be thereby impaired.

Like decisions have been made under the provisions of the insolvent laws of this Commonwealth, from which the provisions of the recent bankrupt act were substantially taken. St. 1838, *c.* 163, § 5. Gen. Sts. *c.* 118, §§ 44, 47.

In *Stone* v. *Hubbard*, 7 Cush. 595, it was held, largely upon the authority of *Drury* v. *Vannevar*, that one who purchased, without indorsement, from the assignee of an insolvent debtor, a promissory note payable to the debtor before the insolvency, might maintain an action thereon in the name of the insolvent; and Mr. Justice Bigelow said: " It is upon its face like an ordinary chose in action, which can be enforced only in the name of

the assignor; and we can see no technical objection to a suit in the name of the payee, upon these facts. There is no variance between the declaration and proof. The promise was originally to the payee or his order, and the note, never having been indorsed, on its face is still payable only to the plaintiff. The promise is directly to the party who sues. The rights of the defendant are wholly unaffected by an action brought in the name of the plaintiff, instead of being in the name of the assignee or purchaser. Indeed, the suit could not stand more favorably for the defendant. Every ground of defence, even the right of set-off, is open to him in a suit in the name of the payee. Rev. Sts. c. 96, §§ 1–11. *Clark* v. *Parker*, 4 Cush. 361, 365. A recovery in this action would be a good bar to any other suit upon the note, as the payee, his assignee and the owner of the note would be alike concluded by the judgment."

The decisions in *Drury* v. *Vannevar* and *Stone* v. *Hubbard* have been often cited and approved. In *Pitts* v. *Holmes*, 10 Cush. 92, in which it was held that, under like circumstances, the action might be brought, at the election of the purchaser, in the name of the assignee in insolvency, it was said that in each of those two cases the disposition of the court had been, as in the present case, to protect the *bona fide* holder of a chose in action, so far as might be done compatibly with technical principles of law and the rights of other persons; and that the result of the whole was, to settle that a promissory note might be sued in the name of the insolvent debtor, or of the original payee, or of any *bona fide* indorsee, subject to all the appropriate equities. See also *Robinson* v. *Hall*, 11 Gray, 483; *Norcross* v. *Pease*, 5 Allen, 331; *Jones* v. *Dexter*, 125 Mass. 469; *Sawtelle* v. *Rollins*, 23 Maine, 196; *Foster* v. *Wylie*, 60 Maine, 109.

The decisions of this court, to which the learned counsel for the defendant have referred us, do not affect this case. In *Smith* v. *Chandler*, 3 Gray, 392, the action was not brought in the name of the bankrupt, nor with the consent of the assignee in bankruptcy, and the pendency of another action in the name of the assignee was held to be a sufficient answer to the suggestion that this action was prosecuted for his benefit. In *Parks* v. *Tirrell,* 3 Allen, 15, the action was to recover real estate, and the assignee in bankruptcy had in no way authorized or

consented to it.   In *Gay* v. *Kingsley*, 11 Allen, 345, the assignee in insolvency had not consented to the action, and had no knowledge of the existence of the note sued on; and Mr. Justice Chapman said that, "if he had knowledge of its existence, he might not be obliged to claim it; and if he declined to do so, the insolvency might not be a valid defence."

In the case at bar, the plaintiff alleges that he brings this action for the benefit of Coleman.   This allegation operates only as a notice of such rights as Coleman may have.   *Carney* v. *Shanly*, 107 Mass. 568, 581.   The affidavit afterwards made by Coleman, and allowed by the court to be filed in the case for the benefit of whom it might concern, conclusively shows that the action is prosecuted by Coleman, not only for his benefit as assignee in fact, but also for his benefit as assignee in bankruptcy, so far as the cause of action may belong to him in the latter capacity; and will prevent the defendant, after judgment in this action, from being held liable to any other suit for the same cause, either by the bankrupt for his own benefit, or by Coleman, whether as assignee *in pais* or as assignee in bankruptcy. This fact conclusively appearing upon the files of the court, the opinion expressed by the judge below, " that it could not affect the rights of the defendant in any way, or affect the legal question as to the right of the plaintiff to maintain this action," cannot enlarge the defendant's right of exception to the final ruling " that the action might be maintained in the name of the plaintiff for the benefit of the parties in interest, whoever they might be."   The defendant, being liable on the note, and being protected from any future suit thereon, has no interest in the question whether the sum recovered shall be applied by Coleman to his own benefit, or be accounted for as part of the estate in bankruptcy.                                    *Exceptions overruled.*