JOHN M. PURINTON *vs.* JOSIAH W. CHAMBERLIN.

Suffolk. Nov. 10. — Dec. 1, 1881. MORTON & ALLEN, JJ., absent.

On the issue whether a mortgagee had reasonable cause to believe the mortgagor to be insolvent or in contemplation of insolvency, within the Gen. Sts. *c.* 118, §§ 89, 91, evidence that the mortgagee, before he took the mortgage, was himself indebted to other persons, who were pressing him for payment of their debts, and that he exhibited the mortgage to them and offered it as collateral security for those debts, is inadmissible.

GRAY, C. J. This is an action of tort, in the nature of trover, brought by a mortgagee of certain wool and blankets against the assignee in insolvency of the mortgagor, who claims the right to hold the goods because the mortgage was made by the mortgagor within six months before the filing of the petition in insolvency against him, and with a view to give a preference, he being then insolvent, or in contemplation of insolvency, and the plaintiff having reasonable cause to believe that he was insolvent, or in contemplation of insolvency, and that the mortgage was made in fraud of the insolvent laws.

Those laws provide that a conveyance so made and received shall be void as against the assignee in insolvency, and that, if it " is not made in the usual and ordinary course of business of the debtor, that fact shall be *prima facie* evidence of such cause of belief." Gen. Sts. *c.* 118, §§ 89, 91.

At the trial in the Superior Court without a jury, it appeared that the mortgagor was a manufacturer of blankets at Hamilton in the county of Essex, and the plaintiff kept a general country store near the mortgagor's mill, that the mortgage was given within six months before the commencement of the proceedings in insolvency, that the mortgagor was insolvent at the time, and that it was not made in the usual and ordinary course of his business ; and there was conflicting evidence upon the question whether the plaintiff, when he took the mortgage, had reasonable cause to believe that the mortgagor was insolvent or in contemplation of insolvency.

The plaintiff offered evidence that before he took the mortgage he was himself indebted for purchases of goods to various persons in Boston, who were pressing him for payment of their debts, and that he exhibited the mortgage to them, and offered

it to them as collateral security for those debts. This evidence, as the bill of exceptions states, was admitted, against the defendant's objection, " as bearing on the occasion of the taking of the mortgage by the plaintiff, and the purpose for which it was taken, which the plaintiff contended was not to secure himself, but to strengthen his credit with his Boston creditors, and to enable him to offer them security so that they would continue to sell to him."

Upon the whole evidence the court found for the plaintiff, on the ground that he had no reason to believe that the mortgagor was insolvent, or in contemplation of insolvency; and allowed a bill of exceptions to the admission of the evidence objected to.

We are of opinion that the evidence was inadmissible for any purpose. The issue on trial was not whether the plaintiff knew or believed that the mortgagor was insolvent, but whether he had reasonable cause to believe him to be insolvent. *Coburn* v. *Proctor*, 15 Gray, 38. *Forbes* v. *Howe*, 102 Mass. 427, 436. *Otis* v. *Hadley*, 112 Mass. 100, 107. The facts from which reasonable cause to believe that the debtor is insolvent may be inferred are facts known to the creditor concerning the business, pecuniary condition and purposes of the debtor, in connection with the time and manner of the conveyance; not facts relating to the pecuniary condition, necessities and purposes of the creditor, not disclosed or known to the debtor. Whether the mortgage was made in the ordinary course of business of the debtor is made by the statute an important element in determining whether the creditor had reasonable cause to believe him insolvent. But whether it was taken in the ordinary course of business of the creditor is wholly immaterial. The evidence that the mortgagee was himself indebted to other persons, was pressed by his creditors, and desired to offer them security for their debts, merely tended to show that he had peculiar reasons for obtaining a mortgage, but had no tendency to disprove either the mortgagor's intention to give a preference, or the mortgagee's reasonable cause to believe that the mortgagor was insolvent.                                 *Exceptions sustained.*

*R. D. Smith & M. M. Weston*, for the defendant.

*I. T. Drew*, for the plaintiff.