CELIA C. STINSON *vs.* JOSEPH L. FERNALD.

Knox.    Opinion December 9, 1885.

*Shipping.    Earnings.    Actions by part owners.*

Tenants in common must join in an action to recover the earnings of their vessel, unless there is an excuse for a severance of the claim ; but bankruptcy of one owner is not an excuse ; in such case the assignee of the owner who is in bankruptcy must be joined with the solvent owners , or, if an assignee has not been appointed when the suit is commenced, an action may be supported in the names of the bankrupt and other owners until an assignee comes in.

ON REPORT.

Assumpsit on account annexed for use of one-half schooner, Robert Ripley, her tackle and furniture, from January 1, 1878, to May, 1878, $200.

The opinion states the material facts.

*J. H. Montgomery*, for the plaintiff, cited : *Smith* v. *Marsh*, 2 Dane's Abr. 228, 449 ; *Kimball* v. *Sumner*, 62 Maine, 310 ; *Stanley* v. *Ayers*, 3 Ves. 444 ; 1 Parson's Sh. & Adm. 117 ; *Hopkins* v. *Forsyth*, 14 Pa. 34 ; *Lyman* v. *Boston & Maine*

*R. R. Co.* 58 N. H. 384; Chitty Contracts, 124; *Baker* v. *Jewell*, 6 Mass. 460.

*C. E. Littlefield*, for the plaintiff, cited: *White* v. *Curtis*, 35 Maine, 534; *Hall* v. *Gray*, 54 Maine, 230; *Hampton* v. *Rouse*, 11 B. R. 472; 22 Wall. 263.

PETERS, C. J.   The plaintiff sues the master of a vessel for one-half of her use for a certain time.   The vessel was let as a whole, the plaintiff owning but one-half of her.   The defense set up is non-joinder; the defendant contending, under the general issue, that all the owners should be joined as plaintiffs.

Such is the general rule; and the rule governs unless there be some excuse for disregarding it.   Tenants in common of personal property have a single claim, and not separate claims, for the use of the common property.   One tenant in common, of course, can lease his own interest separately by some special agreement.   And a severance may be created, by the debtor's making a settlement with one owner for his share or interest in the common earnings; after which the other owner may sue for his share separately.   The case in hand does not come within the permitted exceptions. *Moody* v. *Sewall*, 14 Maine, 295; *White* v. *Curtis*, 35 Maine, 534.

It is contended that the other owner could not be joined as a plaintiff in the present case because he had been declared a bankrupt.   That does not operate as a severance.   The assignee should have been joined.   All competent parties must unite, whoever they may be.   The bankrupt law provides that the assignee shall have the like remedy to recover all debts as the debtor would have had if there had been no decree of bankruptcy.   R. S., U. S., § 5046, 5047.   Such has been the practice in this country and in England, Add. Con. § 477; Dic. Par. 160; *Thomason* v. *Frere*, 10 East, 418; *Kelley* v. *Smith*, 1 Blatch. 290; *Murray* v. *Murray*, 5 Johns. Ch. 60; *Willink* v. *Renwick*, 23 Wend. 63; *Fuller* v. *Benjamin*, 23 Maine, 255.

To this it is replied that there had been no assignee appointed

for the owner who was in bankruptcy. The case is indefinite in this particular. But if it be so, it calls for no qualification of the rule. Some party representing the ownership should be joined. Either the owner or his assignee should be. The name of the bankrupt could be used until an assignee got into court, and the defendant could not object to the proceeding. *Mayhew* v. *Pentecost*, 129 Mass. 332 ; *Reed* v. *Paul*, 131 Mass. 129 ; *Ramsey* v. *Fellows*, 58 N. H. 607.

The plaintiff should be allowed, upon payment of costs, to amend the writ by inserting an additional plaintiff, if she desires to ; otherwise to be non-suit. R. S., ch. 82, § 11.

WALTON, DANFORTH, LIBBEY, EMERY and FOSTER, JJ., concurred.