## WISNER *v.* BROWN.

### ERROR TO THE SUPREME COURT OF THE STATE OF MICHIGAN.

Submitted January 13, 1887. — Decided May 27, 1887.

An assignee in bankruptcy cannot transfer to a purchaser the bankrupt's adverse interest in real estate in the possession of another claiming title, if two years have elapsed from the time when the cause of action accrued therefor in the assignee; and the right of the purchaser in such case is as fully barred by the provisions of Rev. Stat. § 5057, as those of the assignee.

It is unnecessary to decide in this case whether the provisions contained in Rev. Stat. § 5063 refer to a case in which only the interest of the bankrupt is ordered to be sold, without attempting to affect the title or interest of other persons.

THIS was a writ of error to bring before the court for review a judgment rendered by the Supreme Court of Michigan in an action of ejectment in which the plaintiff in error, who was plaintiff below, claimed title under a deed from an assignee in bankruptcy. The case is stated in the opinion of the court.

*Mr. S. S. Burdett* and *Mr. H. H. Hoyt,* for plaintiff in error, submitted on their brief, which contained the following reference to the point on which it turned in the Supreme Court of Michigan, and which is referred to in the opinion of the court.

We are not called upon to determine what the rights of the plaintiff would have been if the assignee had attempted to dispose of this property under § 5063, Rev. Stat., because

no such authority was asked for and no such proceedings were had.

Hence the decisions of the court as to proceedings under that section of the statute have no force in determining the rights of the parties in this controversy.

The case is simply this: The assignee being the legal owner of this property, and being in possession of it, (the presumption of law being that possession follows the legal title, and this presumption remains until an ouster has been shown,) he desired to dispose of the land, and for that purpose obtained the authority of the court to sell it, and by virtue of that authority did sell the same to the plaintiff. How can it be said that the assignee did not part with the legal title to it, because it subsequently appeared that some other person claimed an interest in the property under a void conveyance, and he had no notice of the application to the court by the assignee for an order to sell? It will be observed, that the assignee in his petition did not ask, and the judge did not order the sale of the entire interest free from all claims, but only of the interest that was vested in the assignee, and what right had an adverse claimant to be heard on the question of making such an order? or if he had notice, would he be allowed to oppose it?

Under such an order the adverse claimant loses no rights that he had to the land before the order and the sale under it were made. What rights he had in the land remain the same, and there is no evidence in the record that if he had had notice, and attended the sale, and the sale had been public, he would have given any more for the assignee's title to the land than the plaintiff did, nor is there any evidence in the case that the interest that the assignee had in the land was worth any more than was given by the plaintiff in this case.

No appearance for defendant in error.

MR. JUSTICE BRADLEY delivered the opinion of the court.

This is an action of ejectment, brought by Wisner, the plaintiff in error, against the defendants in error, for a lot of land

in Isabella County, Michigan. The plaintiff claims the land as purchaser from one Gillette, assignee in bankruptcy of Alfred Willey. The defendants claim the same under a number of tax sales, and a deed from Willey, the bankrupt. It appeared on the trial that Willey filed his petition in bankruptcy September 19, 1871, in the District Court of the United States for the Eastern District of Michigan, and set forth, in the schedule thereto annexed, the land in question (with other lands) as his property; and it was shown that he had purchased it several years before. He was decreed a bankrupt September 3, 1872, and Gillette was appointed his assignee February 21, 1873. On the 3d day of April, 1880, more than seven years after his appointment, Gillette filed a petition in the District Court, praying for leave to sell the land in question and the several other lots mentioned in the schedule at private sale for any sum not less than $100. The petition alleged that Willey, at the time of filing his petition in bankruptcy, claimed an interest in the lands, describing them, and then proceeded as follows:

"Your petitioner, having no funds belonging to said estate in his hands, did not investigate the title of said bankrupt to said land, and believing that said lands were of little value paid no attention to them until recently, when application was made to your petitioner to purchase the right of said bankrupt in said lands. From examination of the records it appears that the lands have been sold for taxes to private parties for a number of years, beginning in 1867; that the right acquired by virtue of the sale of said lands for delinquent taxes is held by one party; in addition to such title has been obtained a deed from the bankrupt of said lands; that another party has, by virtue of a sale on execution, based upon a judgment obtained against said bankrupt before he was adjudicated a bankrupt, acquired a title to said lands; that the title to said lands is complicated in this manner, both parties claiming to own said lands by virtue of the title they have acquired thereto in the manner above stated; that, from inquiry and examination, your petitioner believes that the title which may be vested in him as assignee of said bankrupt is of but little value with-

out a lengthy litigation, and your petitioner has no funds in his hands to carry on such litigation or pay taxes that may be assessed thereon; that, from information, your petitioner sets forth that said lands were located for the pine timber that originally was on the land, which having been removed the lands were not considered by the bankrupt of sufficient value to pay taxes thereon; that petitioner is offered one hundred dollars for the conveyance of the title which he holds as assignee of the said bankrupt to said lands, and, upon information and belief, your petitioner affirms that said sum is all the interest of said estate in said lands is worth, and that the acceptance of said offer and the conveyance of said title to said lands accordingly would be for the interest of the creditors of the estate of said bankrupt. And your petitioner prays that an order may be made in this case authorizing your petitioner to sell said lands at private sale as he may deem advisable, but not at a less sum than one hundred dollars."

The court, on the 5th of April, 1880, made an order authorizing Gillette, the assignee, to make the sale as proposed by this petition, and the same was made accordingly to the plaintiff in error for the sum of $100, and on the 13th of April, 1880, a deed was given to him by the assignee for the lands.

No notice was given to the adverse claimants of the land, either of the application to the District Court for authority to sell, or of the intention to sell the same.

The plaintiff in error, to sustain the action on his part, introduced proof of the proceedings in the bankrupt court, of the title of Willey, and of the deed from the assignee to himself. The defendants, on their part, deduced title to the premises in controversy by virtue of certain deeds made in pursuance of sales for taxes for the years 1867, 1868, and subsequent years; and also by a quitclaim deed from Willey, the bankrupt, to the defendant, Brown, dated September 11, 1875, and duly recorded. The defendants also proved by the testimony of Brown that he had no notice of the proceedings in bankruptcy until after he had obtained the said deed from Willey, nor until after the plaintiff in error had purchased the land from the assignee.

The plaintiff then proposed to go into the validity of the tax titles; but the judge before whom the case was tried, being of opinion that the plaintiff had shown no title, directed the jury to find a verdict for the defendant. A bill of exceptions was taken, and the case was carried to the Supreme Court of Michigan by writ of error; and that court affirmed the judgment of the court below. The present writ is brought to review the judgment of the Supreme Court, on the ground that its decision was against the validity of a title claimed under the laws of the United States, namely, under the proceedings in bankruptcy.

The principal ground on which the Supreme Court of Michigan placed its decision was the want of notice by the assignee to the adverse claimants of the property. The petition of the assignee for authority to sell shows that the title to the land was in dispute, and that the adverse claimants were known to him; but he proceeded without giving them any notice, either of his intended application to the court, or of his intention to sell. The court inferred that notice was required by the 25th section of the Bankrupt law, § 5063 of the Revised Statutes, which provides that "whenever it appears to the satisfaction of the court that the title to any portion of an estate, real or personal, which has come into the possession of the assignee, or which is claimed by him, is in dispute, the court may, upon the petition of the assignee, and after such notice to the claimant, his agent or attorney, as the court shall deem reasonable, order it to be sold under the direction of the assignee, who shall hold the funds received in place of the estate disposed of; and the proceeds of the sale shall be considered the measure of the value of the property in any suit or controversy between the parties in any court."

As it is a question of doubt whether § 5063 refers to a case in which only the interest of the bankrupt is ordered to be sold, without attempting to affect the title or interest of other persons; and as there was another ground on which the court of trial might unquestionably have instructed the jury to find a verdict for the defendants, and which also involved a question of the plaintiff's right of action under the bankrupt law;

we have deemed it unnecessary to consider the validity of the point on which the case was actually decided. The other ground to which we refer is that of the two years' limitation within which the assignee can bring suit. It is declared by § 5057 of the Revised Statutes, that "no suit, either at law or in equity, shall be maintainable in any court between an assignee in bankruptcy and a person claiming an adverse interest, touching any property or rights of property transferable to or vested in such an assignee, unless brought within two years from the time when the cause of action accrued for or against such assignee." This act, as well as the statute of limitations of Michigan, was pleaded by the defendants in bar of the action. Now, the assignee in the present case received his appointment on the 15th of February, 1873, and the property in question was at that time adversely held by the defendants under tax sales made by the auditor general of the state of Michigan, and continued to be so held until the commencement of this suit. It is clear, therefore, that, from and after the 15th of February, 1875, the assignee himself was precluded by the statute from bringing an action to recover the lands; and he could not, after that time, by selling them to a third person, enable the latter to maintain an action therefor. The sale made by the assignee to the plaintiff in April, 1880, could have no such effect. This point was directly decided in *Gifford* v. *Helms*, 98 U. S. 248. The complainant in that case had purchased the lands from the assignee more than two years after the latter's appointment, and they had been continuously held under an adverse title. In delivering the judgment of the court, Mr. Justice Clifford said: "Nothing can be plainer in legal decision than the proposition that the complainant did not acquire, by the conveyance made to him under that sale, any greater rights than those possessed by the grantor;" and in conformity with that conclusion it was held that the complainant, equally with the assignee, his grantor, was bound by the limitation prescribed by the statute; and the bill was accordingly dismissed, without any attention being given to the question of the validity of the sale, — in that case, as in this, there having been, apparently, no notice of the application to sell, although the sale itself was by public auction.

· Our conclusion, therefore, is that the instruction to find for the defendants was right, at all events; for they were entitled to such an instruction on the bar of the two years' limitation, whether they were so for the reason assigned by the judge or not.

*The judgment is affirmed.*