ROBERT P. LEWIS *vs.* JEREMIAH C. PRENDERGAST and another.

March 30, 1891.

**Bankruptcy—Sale of Equity of Redemption by Assignee—Limitation.**
The plaintiff's property and estate passed to his assignee in bankruptcy in 1878. Among the assets was an equity of redemption in lands, the title to which appeared to be in the defendants. Subsequent to plaintiff's discharge, and more than two years after the assignment, the assignee sold and transferred his right, title, and interest in the premises, and the title and interest of the purchaser has since been acquired by the plaintiff. The defendants claim to be the absolute owners in fee of the premises. *Held*, (1) that the cause of action involving the determination of the defendants' adverse claim or title to the land was barred by section

2057, Rev. St. U. S., before the transfer thereof by the assignee in bankruptcy; and (2) that any reversionary right or interest which the plaintiff may have previously had in the premises was cut off by the appropriation and disposition thereof by such assignee.

Plaintiff brought this action in October, 1888, in the district court for Washington county, praying that a conveyance, absolute in form, be declared a mortgage, and for leave to redeem.   The defendants in their answer alleged that the conveyance was made in payment of, and not as security for, the debt alleged in the complaint, and pleaded the federal statute considered in the opinion.   The action was tried by *McCluer*, J., who, upon the pleadings and a stipulation between the parties, found the facts in substance as follows:   On August 5, 1876, plaintiff became owner of the land.   On January 13, 1877, defendants recovered a judgment against him, and on July 9, 1877, plaintiff conveyed the land to defendant Jeremiah C. by deed absolute in form, but intended as security for the payment of the judgment by March 1, 1878, and without other consideration.   On August 31; 1878, plaintiff was adjudged a bankrupt by the United States district court for Minnesota, and on October 7, 1878, his assignee was appointed and received an assignment of all the bankrupt's property, as provided in the bankrupt act.   On March 10, 1883, (after plaintiff's discharge in bankruptcy,) the assignee sold and conveyed all his interest as such assignee in the land, and the plaintiff, under mesne conveyances, holds the title so transferred.   Debts were proved in the bankruptcy proceedings to an amount exceeding the assets received by the assignee.   The premises have at all times been unoccupied.   As a conclusion of law the court held that the action was barred by the limitation in the bankrupt act, and ordered judgment for defendants, which was entered, and the plaintiff appealed.

*W. K. Gaston* and *S. J. R. McMillan*, for appellant.

*Henry C. James*, for respondents.

VANDERBURGH, J.   Assuming that, prior to the bankruptcy proceedings against the plaintiff, disclosed by the record, the relation of mortgagor and mortgagees existed between plaintiff and defendants, so that plaintiff was the owner of the equity of redemption in the land in question, plaintiff's estate and interest therein, as owner,

passed to his assignee in bankruptcy as part of his assets. The plaintiff, however, alleges that since the assignment to the assignee in bankruptcy he has acquired all the right, title, and interest that the assignee in bankruptcy had in the land in question, and is the holder thereof by purchase through mesne assignments from such assignee. The transfer thereof by the assignee was not made till more than two years had elapsed from the time he acquired the same under the assignment to him. It is admitted that debts were proved against the estate of the bankrupt to a large amount, and in excess of his assets, and we must presume that the sale, assignment, and transfer of the interest of the latter in this land, by the assignee, was in due course, and was legally authorized, and that the proceeds were duly accounted for in the bankruptcy proceedings, and the plaintiff's interest in the land has therefore been actually appropriated to the satisfaction of his debts. The result of such sale by the assignee would necessarily be to bar and extinguish any reversionary interest which the plaintiff might otherwise have had. The plaintiff's right to maintain this action must therefore rest entirely upon the alleged title and interest acquired under the sale and assignment made by the assignee in bankruptcy. But by section 2057, Rev. St. U. S., "no suit, either at law or in equity, shall be maintainable in any court between an assignee in bankruptcy and a person claiming an adverse interest, touching any property or rights of property transferred to or vested in such assignee, unless brought within two years from the time when such cause of action accrued for or against such assignee." This statute undoubtedly applies to an action like this, and the grantee of the assignee must be held to stand in his shoes, and the limitation applies equally to him. And this has been expressly determined in *Gifford* v. *Helms*, 98 U. S. 248, and *Wisner* v. *Brown*, 122 U. S. 214, (7 Sup. Ct. Rep. 1156.) That the limitation is a short one, or differs from the time allowed by the law of the state for bringing an action to redeem, can make no difference. Both plaintiff and the defendants claim to be owners of the land. It is not the right to foreclose or redeem from a mortgage which is drawn in question, but the adverse claim relates to the equity of redemption, the title of the property, which, it is alleged,

was transferred to the assignee in bankruptcy. The title appearing to be in the defendants, the assignee or his grantees, if they desire to assert any adverse claim, must bring their action within the time limited. It is not material that such grantee was the original owner against whom bankruptcy proceedings were instituted. If, therefore, plaintiff claims that he was the owner of the property, notwithstanding defendants hold under a deed absolute on its face, the action should have been brought, under the facts alleged, within the time limited by the United States statutes. The case is clearly distinguishable from *King* v. *Remington*, 36 Minn. 15, (29 N. W. Rep. 352.)

Judgment affirmed.

· A motion for a reargument of this case was denied April 13, 1891.