*W. H. Clark, N. R. Overman, N. W. Parker,* and *J. T. Cox,* for appellee.

---

## SUTHERLAND v. DAVIS.

BANKRUPTCY.—*Assignee.*—*Abatement.*—Suit for the recovery of personal property. Answer, that after the bringing of the suit, the plaintiff was adjudged a bankrupt by the district court of the United States for the district of Indiana; prayer that the suit abate.

*Held,* that the answer was bad on demurrer. The title to property does not pass from the bankrupt by the adjudication in bankruptcy simply; but after the appointment of an assignee, a conveyance is to be executed to him. The assignee by the fourteenth section of the bankrupt act prosecutes or

defends, in his own name, all suits to which the bankrupt was a party. The answer did not not allege the appointment of any assignee. So, also, under the twenty-first section, 2 G. & H. 51, the suit would not abate, but an assignee could prosecute the suit in his own name. The plea should have shown title in some one.

APPEAL from the Cass Circuit Court.

OSBORN, C. J.—The appellant commenced an action in the Cass Circuit Court on the 11th day of February, 1869, for the recovery of personal property, which he alleged was wrongfully taken, and unlawfully detained, from him by the appellee.

The appellee answered that after the commencement of the action, on the 3d day of June, 1870, the appellant was adjudged a bankrupt by the district court of the United States for the district of Indiana, on the petition of his creditors, and prayed judgment that the suit abate.

A demurrer to the answer was overruled, and the appellant replied, first, that after the order was made adjudging him a bankrupt, he took an appeal therefrom to the United States Circuit Court for the State of Indiana, where it was still pending, by virtue of which the bankruptcy proceedings were still pending; that said adjudication was not final, and that no assignee had been appointed, nor had the messenger or marshal of that court taken possession of his assets, nor had any proceedings of any kind been taken to enforce the decree.

Second. That after the adjudication was made declaring him a bankrupt, he filed a bill of review thereof in the circuit court of the United States for this district, under section 8 of the bankruptcy act, and gave bond therefor; that the bill was then pending in that court, pursuant to law, and that the matter was wholly undetermined; that no assignee had been appointed, nor had his assets been taken possession of by the United States marshal or messenger; and that there was no one who could maintain the action except himself.

Sutherland *v*. Davis.

A demurrer was sustained to both paragraphs of the reply, and final judgment rendered that the action should abate.

Exceptions were taken to the several rulings and judgment of the court.

The appellee has not favored us with a brief, and we do not see how the rulings of the court below can be sustained.

Sections 39, 40, 41, 42, and 43 of the bankrupt act provide for proceedings against the bankrupt, for injunctions to restrain him and others from making any disposition or transfer of his property, and for taking possession of it, but such proceedings do not transfer the title from the bankrupt. The decree declaring him a bankrupt does not, of itself, have the effect to deprive him of the title and ownership of his property. Under the proceedings and orders of the court he may lose the possession and still retain the ownership of the property.

Section 14 provides, that as soon as an assignee is appointed and qualified, a conveyance shall be made to him of all the property of the bankrupt, which shall relate back to the commencement of the proceedings, "and thereupon, by operation of law, the title to all such property and estate, both real and personal, shall vest in said assignee." Until an assignee is appointed and qualified, and the conveyance or assignment made to him, the title to the property remains in the bankrupt. By the same section, the assignee is authorized to prosecute and defend all suits in law, or in equity, pending at the time of the adjudication of bankruptcy, in which such bankrupt was a party in his own name, in the same manner, and with the like effect, as they might have been prosecuted or defended by such bankrupt.

The answer in the case at bar does not state that an assignee had been appointed. It simply avers that the appellant had been adjudged a bankrupt. Until an assignee was appointed and qualified, there was no one to take the place of the appellant as plaintiff, and his right to prosecute the action was not divested.

As pleas in abatement do not deny, and yet tend to delay the trial of the action, great accuracy and precision were always required in framing them. They should give a better writ. A plea of misnomer in the Christian name must state the real name. 1 Chit. Pl. 491. So, if the plea or answer relies upon a transfer of the interest of the plaintiff, to abate the action, it must state to whom the transfer has been made.

Sec. 21, 2 G. & H. 51, provides, that no action shall abate by the transfer of any interest therein; that the action shall be continued in the name of the original party, or the court may allow the person to whom the transfer is made to be substituted in the action. The statute makes no distinction as to transfer, whether by the act of the party or otherwise.

It is true that in England, where an action has been commenced by the bankrupt before the bankruptcy, the defendant may defeat the action by specially pleading the bankruptcy and assignment, and the assignee will be compelled to proceed, de novo, in his own name. 1 Chit. Pl. 25. But by section 14 of our bankrupt act, and section 21 of our code, supra, no such result follows. The assignee may prosecute the suit in his own name. The demurrer to the answer should have been sustained.

The judgment of the said Cass Circuit Court is reversed, with costs; cause remanded, with instructions to sustain the demurrer to the first paragraph of the answer, and for further proceedings in accordance with this opinion.

N. O. Ross and D. P. Baldwin, for appellant.