*S. J. Thomas & M. O. Adams*, for the plaintiffs.

---

### EUGENE L. KENYON *vs.* JOHN J. WRISLEY.

Hampden.    September 25, 1888. — October 19, 1888.

Present: MORTON, C. J., DEVENS, W. ALLEN, C. ALLEN, & KNOWLTON, JJ.

*Bankrupt — Promissory Note — Assignee — Statute of Limitations.*

A bankrupt, upon the assignment of his estate in 1878, did not include in his schedule of assets a promissory note then due him, thinking it worthless. The assignee had no knowledge of the note until 1887, when he declined to attempt its collection, but consented to the bankrupt's bringing an action thereon in his own name and for his own benefit. *Held*, that the action was barred by the U. S. Rev. Sts. § 5057, limiting actions by assignees in bankruptcy.

CONTRACT upon a promissory note, dated November 16, 1867, payable two months from date to the order of the plaintiff, and signed by the defendant.   Writ dated December 5, 1887.

Trial in the Superior Court, without a jury, before *Dewey*, J., who found for the defendant, and reported the case for the determination of this court.   If the finding was correct, judgment was to be entered thereon; otherwise, for the plaintiff.   The facts appear in the opinion.

*L. White*, (*E. S. White*, of Connecticut, with him,) for the plaintiff.

*E. P. Kendrick*, (*G. Wells* with him,) for the defendant.

W. ALLEN, J.   The note was made in Connecticut, where the parties resided, and became due in 1868.   The defendant

resided in New Hampshire from 1869 to 1887, and has since resided in this Commonwealth. The plaintiff was adjudicated a bankrupt in the United States District Court for the district of Connecticut, and an assignment of his.estate was made in 1878. The plaintiff has not received his discharge, and the proceedings in bankruptcy are still pending. The assignee has never sold or assigned the note. The plaintiff considered the note worthless, and did not include it in his schedule, and the assignee had no knowledge of its existence until informed by the plaintiff, in 1887. The assignee then declined to attempt the collection of the note for the benefit of the estate, but gave his consent to the bringing of this suit upon it by the plaintiff in his own name, and for his own benefit.

The plaintiff is the payee of the note, and the action, whether brought by the assignee or by the plaintiff, will lie in his name, as well as in the name of the assignee. *Mayhew* v. *Pentecost*, 129 Mass. 332. If brought by the assignee, it would be barred by the statute of limitations. U. S. Rev. Sts. § 5057. *Jenkins* v. *International Bank*, 106 U. S. 571. *Ross* v. *Wilcox*, 134 Mass. 21, and cases cited. There was no fraud or concealment by the defendant that would prevent the operation of the statute.

The assignment in bankruptcy vested the legal title to the note, as well as the beneficial interest in it, in the assignee, and the plaintiff could possess a right to maintain an action upon it for his own benefit only by a transfer of the note to him by the assignee, or by the consent of the assignee to the action. There has been no sale or assignment of the note by the assignee, and so the objection that a purchaser from the assignee, after the disability of the statute of limitations had attached, would take subject to that disability, does not arise. The plaintiff contends that the suit is brought for his benefit, with the knowledge and consent of the assignee ; that his right is good against all the world but the assignee, and, the assignee not objecting, the defendant cannot question the plaintiff's right to maintain the action ; that the assignee has a right to abandon the claim ; and that, having elected not to take it under the assignment, it belongs to the plaintiff as if there had been no assignment.

The fatal objection to this contention, in whatever form it may be stated, is that the assignee did not elect to abandon the claim,

and did not consent to a suit upon it by the plaintiff, and did not act in regard to it until after his right of action was barred by the statute.   After the assignment, and until some act of the assignee, the plaintiff held the note merely as his depositary, and did not have such possession of the note that he could have maintained an action upon it.   *Gay* v. *Kingsley*, 11 Allen, 345. The fact of the assignment could be shown to defeat an action by the plaintiff.   The assignee might come in and prosecute the action for his own benefit, or it might perhaps be shown that he had authorized the suit for the benefit of the plaintiff, either by evidence of his election to abandon the claim to the plaintiff, or of authority from him to bring the suit, or by his neglect to come in and prosecute when summoned by the court.   But if it did not in some way affirmatively appear that the suit was authorized by the assignee, it could not be maintained.   *Smith* v. *Chandler*, 3 Gray, 392.   *Jones* v. *Dexter*, 125 Mass. 469.

In this case it appears that the assignee did not elect to abandon the claim, and did not authorize a suit upon it, until after his right of action was barred.   While he alone had the right of action upon the note, the right was barred by the statute; it could not be revived by his subsequent abandonment of his right, or consent to an action.   If he were summoned in, he could not prosecute or authorize the prosecution of the action against the defence of the statute of limitations.   He could neither sell the claim, nor authorize nor consent to a suit upon it except subject to the defence of the statute.   See *Gifford* v. *Helms*, 98 U. S. 248; *Wisner* v. *Brown*, 122 U. S. 214; *Cleveland* v. *Boerum*, 24 N. Y. 613; *Moses* v. *St. Paul*, 67 Ala. 168; *Buckingham* v. *Buckingham*, 36 Ohio St. 68, 77.

*Judgment on the finding for the defendant.*