WILLIAM K. LANCEY

*vs.*

OBED FOSS, and another, Executors.

Somerset. Opinion September 13, 1895.

*Bankruptcy. Assignment. Actions. Limitations. R. S. of U. S., §§ 5046, 5047, 5057.*

In March, 1878, the plaintiff brought suit against his debtor for the purpose of collection, upon numerous notes and upon an account annexed, and also upon a special contract. Subsequently in the same year the plaintiff became bankrupt under the Act of 1867 and received his discharge in 1879. His assignee duly appointed, did not appear in the case, nor did the bankrupt's schedule of assets set forth any of the notes, accounts or claims embraced in the suit which stood on the docket without further disposition until March, 1892.

*Held;* that such items of estate, corporeal and incorporeal as the assignee declines to appropriate or utilize, remain the property of the bankrupt, subject always to the superior right and title of the assignee. Notwithstanding the adjudication and assignment under the bankrupt act, there is left in the bankrupt a right which makes a title good against all the world except his assignee and creditors, who may appropriate the entire title and interest, and so divest the bankrupt completely; but what they decline to appropriate remains with the bankrupt who can defend or enforce it against all others. *Also,* that if the defendants desire, they can have an order of notice of this action served upon the assignee which will conclude him of record.

It appeared in the case that the assignee did not take over the title. He elected not to take it and left it in the plaintiff. He neither took nor passed the title. The plaintiff thus retaining the title subject to the assignee's

paramount right, but good against others until such paramount right is asserted, *held*, that the two years limitation (R. S. of U. S., § 5057) does not apply as a bar to this action. That statute bars only the assignee and those claiming under him.

*Held;* that the statement, in the facts agreed in this case, of the omission to include these claims in the bankrupt's schedule of assets is not a statement of fraud. There may have been innocent reasons for it, and the court cannot assume that it was fraudulent. The fraud, if any, was against the assignee and creditors, and not against these defendants.

AGREED STATEMENT.

The parties agreed upon the following facts :

"The writ is dated March 14, 1878, returnable to the September term of this court in Somerset county, 1878.

"Suit is brought upon numerous notes of Going Hathorn, the defendants' testator, and upon an account annexed, and also upon a special contract set out in the writ.

"Copy of writ may be furnished by either party.

"Subsequently, in 1878, the plaintiff was declared a bankrupt, upon his own petition in the District Court of the United States for the District of Maine ; a schedule of his assets and liabilities was filed in said court, the assets not including the claims in this writ ; and an assignee was duly chosen and appointed on November 7, 1878, and on said November 7, 1878, by decree and assignment of the proper Register in Bankruptcy under the U. S. Bankrupt Act of 1867, all the estate and property of said Lancey was duly assigned to said assignee.

"The assignee never appeared in this case.

"On June 2, 1879, said Lancey was duly discharged from all his debts and liabilities and received a certificate of such discharge in usual form, from said District Court of the United States, paying about twenty five cents on the dollar.

"If upon the foregoing facts this action can be maintained by the plaintiff, it is to stand for trial ; otherwise a nonsuit is to be entered."

*S. S. Hackett*, for plaintiff.

*D. D. Stewart*, for defendant.

SITTING : PETERS, C. J., WALTON, EMERY, HASKELL, WHITEHOUSE, WISWELL, JJ.

EMERY, J. The statement of the case shows that the plaintiff is entitled to a hearing in this court upon the merits of his claim against the defendants, unless he is prevented by some provision of the U. S. Bankruptcy Act of 1867, to which he had become subject by the bankruptcy proceedings. The defendants contend that he is thus prevented by several provisions of that act.

I. Section 5046, U. S. Rev. Stat., Title Bankruptcy, provides that all of the property of the bankrupt, including all choses in action, all debts due him, all rights and causes of action, (with certain exceptions not material here) "shall in virtue of the adjudication in bankruptcy and the appointment of his assignee, be at once vested in the assignee." Section 5047 provides that the assignee may be admitted to prosecute in his own name, or that of the bankrupt, any suit pending at the time of the adjudication. This suit and the subject matter of it are clearly within these sections.

Upon these sections and the bankruptcy proceedings the defendants base a vigorous argument, that the plaintiff was completely shorn of all title and interest in this action and its subject matter; that the entire title and interest ipso facto passed to the assignee, leaving nothing in the bankrupt plaintiff; that the latter became civiliter mortuus, and lost the power of maintaining actions upon then existing claims as completely as one physically deceased. There are various expressions and dicta of judges which seem to state the operation of the statute as broadly as do the defendants, but we are not referred to any express decision going so far upon the language of this particular act.

Undoubtedly, by the operation of the bankruptcy proceedings under this act, the assignee is vested with the full right to take all the estate of the bankrupt, whether scheduled or not, and is vested with sufficient power and title to fully administer it in his own name, or that of the bankrupt, as he may elect. But all such property of a bankrupt is not cast upon the assignee nolens volens, like the personal property of a deceased intestate upon the administrator. In the latter case the title cannot

remain with the deceased, but must fall on his successor. The assignee of a living bankrupt, however, may decline to take or interfere with such property as he deems onerous or worthless. The property so rejected by the assignee does not thereby become derelict, to vest in the first appropriator. The rights and obligations which the assignee declines to enforce, or notice, do not thereby vanish into nothingness.

Such items of estate, corporeal or incorporeal, as the assignee declines to appropriate or utilize, remain the property of the bankrupt, subject always to the superior right and title of the assignee. Notwithstanding the adjudication and assignment under the bankrupt act, there is left in the bankrupt a right which makes a title good against all the world except his assignee and creditors. These may appropriate the entire title and interest, and so divest the bankrupt completely; but what they decline to appropriate remains with the bankrupt. The title does not fall to the ground between the two. If the assignee or creditors will not take it, no one else can appropriate it. The bankrupt can defend or enforce it against all others.

The above statement of the law is supported directly or incidentally by many judicial decisions. *Evans* v. *Brown*, 1 Esp. 170; *Chippendale* v. *Tomlinson*, 7 East, 57; *Temple* v. *London, &c. Railway Co.* 2 Jur. 296; *Re Stafford*, 18 W. R. 959; *Herbert* v. *Sayer*, 5 Q. B. 965; *Fyson* v. *Chambers*, 9 M. & W 460-466; *Smith* v. *Gordon*, 6 Law Rep. 313; *Amory* v. *Lawrence*, 3 Cliff, 523; *Taylor* v. *Irwin*, 20 Fed. Rep. 615; *American File Co.* v. *Garrett*, 110 U. S. 288; *Reynolds* v. *Bank*, 112 U. S. 405; *Laughlin* v. *Dock Co.* 65 Fed. Rep. 447; *Eyster* v. *Gaff*, 91 U. S. 521; *United States* v. *Peck*, 102 U. S. 64; *Thatcher* v. *Rockwell*, 105 U. S. 467; *Sparhawk* v. *Yerkes*, 142 U. S. 1; *Sessions* v. *Romadka*, 145 U. S. 29; *King* v. *Remington*, 36 Minn. 15; *Sawtelle* v. *Rollins*, 23 Maine, 196; *Foster* v. *Wylie*, 60 Maine, 109; *Nash* v. *Simpson*, 78 Maine, 142.

In this case at bar, the action with its various counts upon promissory notes, merchandise sold, etc., was pending in the Supreme Judicial Court for Somerset county at the time of the

adjudication and assignment in bankruptcy. The claims here in suit were not scheduled by the bankrupt, but their existence, and the existence of this action to enforce them, were matters of public record upon the docket and files of a court of general jurisdiction. The assignee and creditors may be presumed to have known of them. The assignee, however, never appeared in the case, and does not now appear after a lapse of fourteen years. He never appropriated or took over these claims. It is an easy and natural inference that he elected not to take them, but to leave them with the bankrupt. *United States* v. *Peck; Sparkawk* v. *Yerkes; Sessions* v. *Romadka,* supra.

The defendants cannot be heard to complain of this conduct of the assignee. As to them it is res inter alios. The judgment in this action will protect the defendants against the assignee as effectually as if he appeared in the case. Whatever he may hereafter do to appropriate the proceeds of the suit, if any, will not affect the defendants. *Eyster* v. *Gaff; Thatcher* v. *Rockwell; Foster* v. *Wylie,* supra. If, however, the defendants desire, they can have an order of notice of this action served · upon the assignee which will conclude him of record.

II.   Section 5057, U. S. Rev. Statute, Title Bankruptcy, provides that "no suit either at law or equity shall be maintainable in any court between an assignee in bankruptcy and a person claiming an adverse interest, touching any property or rights of property transferable to or vested in such assignee, unless brought within two years from the time when the cause of action accrued for or against such assignee."

The defendants contend that this section bars the further prosecution of this action. Their argument is that the assignee could not after the two years begin a suit in his own or the bankrupt's name, nor could he come into or prosecute a suit already begun by the bankrupt. Their further argument is, that every person claiming, or who must claim under the assignee, is equally barred from beginning or prosecuting suits after the two years, and that, as whatever title this plaintiff has necessarily came from the assignee, he is barred as the assignee is barred. Many cases are cited in support of these arguments.

In every case cited, however, the title was held to have once passed to the assignee. It followed that the plaintiff either had no title or was barred by the two years' limitation upon the assignee. Thus in *Parks* v. *Tirrell*, 3 Allen, 15, cited so confidently by the defendants, the court held that the title had passed to the assignee, and that the bankrupt plaintiff could only show title from the assignee, and hence was barred equally with the assignee.

In this case at bar, as already stated, the assignee did not take over the title. He elected not to take it and left it in the plaintiff. He neither took nor passed the title. The plaintiff retained the title subject to the assignee's paramount right, but good against others until that paramount right was asserted. Therefore the cases cited do not apply. The two years' limitation in the Bankruptcy Act does not apply. It bars only the assignee and those claiming under him. The plaintiff is not in either category. In *Amory* v. *Lawrence*, 3 Cliff. 523, cited supra, the suit was by a bankrupt on a claim existing before the bankruptcy; but the suit was begun long after the two years' limitation had expired. The defendants invoked the statute, but it was held not to apply,— see also *Ludeling* v. *Chaffe*, 143 U. S. 301.

III. The defendants further contend that the act of the plaintiff in omitting these claims from his schedule was evidently intentional and in fraud of the Bankruptcy Act, and that this fraud vitiates and extinguishes his right to recover them. But in the statement of the case there is no allegation of fraud. The statement of the omission to include the claims in the schedules is not a statement of a fraud. There may have been innocent reasons for it. The court cannot assume that it was fraudulent. Again, the fraud, if any, was against the assignee, the creditors and the Bankruptcy Act, and not against these defendants.

We have not been shown anything in the statement of the case, or in the Bankruptcy Act, which in our opinion inhibits the plaintiff from proceeding with this suit.

*Action to stand for trial.*