HORACE G. ATWOOD *vs.* THOMAS B. BAILEY.

Suffolk. March 16, 1903. — September 2, 1903.

Present: KNOWLTON, C. J., LATHROP, BARKER, HAMMOND, & LORING, JJ.

*Bankruptcy.*

Under the bankruptcy act of 1898 an adjudication in bankruptcy and the appointment of a trustee vest the title to the bankrupt's property in the trustee, and are a defence to an action of contract by the bankrupt pending at the time of the adjudication, unless it appears affirmatively that the action is being prosecuted by the trustee, or that the trustee has elected not to assume it. In order to prove an election by acquiescence, it is necessary to show the trustee's knowledge of the action, and such knowledge cannot be inferred from the fact that the action was pending in a court of general jurisdiction.

CONTRACT, by a claim adjuster, for an agreed compensation for services, of ten per cent on all moneys received by the defendant in a certain suit against an accident insurance company above the sum of $2,000, the suit having been settled for $4,750. Writ dated February 18, 1900.

At the trial in the Superior Court before *Maynard,* J., the

plaintiff testified that he went into bankruptcy on July 17, 1901.

At the close of the evidence the judge ruled that upon the evidence as to the bankruptcy proceedings the action could not be maintained, and ordered a verdict for the defendant. The plaintiff alleged exceptions.

*J. M. Browne*, for the plaintiff.

*F. R. Mullin*, (*G. R. Swasey* with him,) for the defendant.

LORING, J. In this case the plaintiff was held not to be entitled to maintain his action because he was duly adjudicated a bankrupt after the action was begun. The present bankruptcy act under which the plaintiff was adjudicated a bankrupt vests the title to the bankrupt's property in the trustee without an assignment in fact. U. S. St. 1898, c. 541, § 70. 30 U. S. Sts. at Large, 563.

It is settled that an assignment in bankruptcy is a defence to a prior action brought by the bankrupt unless it affirmatively appears that either the prior action in the name of the bankrupt is being prosecuted by the assignee or that the assignee has elected not to assume the burden of it. See *Smith* v. *Chandler*, 3 Gray, 392; *Gay* v. *Kingsley*, 11 Allen, 345; *Mayhew* v. *Pentecost*, 129 Mass. 332; *Herring* v. *Downing*, 146 Mass. 10; *Kenyon* v. *Wrisley*, 147 Mass. 476; or that the property is not needed for the payment of the debts of the bankrupt, as in *Jones* v. *Dexter*, 125 Mass. 469.

The plaintiff's contention here is that the jury would have been warranted in finding that the trustee elected not to assume the chose in action now before us and that he was entitled to go to them on that issue. There was no direct evidence of an election by the trustee. The plaintiff undertakes to make out an election by showing knowledge on the part of the trustee, followed by inaction. But in our opinion there was no such knowledge shown on the part of the trustee as would warrant a finding that his inaction was an election not to assume this chose in action.

The bankrupt did not insert the claim against the defendant in his schedule, and there was no evidence that the trustee in bankruptcy has ever had actual knowledge of it. All the evidence of knowledge on the part of the trustee was this: On

being asked on cross-examination whether he had stated that he had any claim against the defendant, the plaintiff said "not in my schedule, but to the referee," and after testifying that the claim in question was covered by a general item "Claims against various parties," said, "I put it in," and on being asked where, "To the trustee, and it was appraised there too." The "claims against various parties" were put down as "aggregating about $2000," and "probably worth $100." On the plaintiff's testimony his claim against the defendant was for $275 and interest.

This is not enough to make out an election by inaction. To make out an election in that way actual knowledge on the part of the person who had the right to elect must be shown. In *Gay* v. *Kingsley*, 11 Allen, 345, it was held that an election by an assignee's not taking action was not made out by its being shown that he had taken the schedule of the bankrupt from the files without its being shown that the claim in question was on the schedule. In *Mayhew* v. *Pentecost*, 129 Mass. 332, actual consent on the part of the assignee was proved, and in *Herring* v. *Downing*, 146 Mass. 10, the assignee was in court when the case was tried, and made no objection.

The plaintiff relies on the case of *Lancey* v. *Foss*, 88 Maine, 215. That case, like this, was the case of an action pending when the assignment in bankruptcy took effect. It came up on an agreed statement of facts from which it appeared that no action had been taken by the assignee for fourteen years. The judge held that knowledge on the part of the assignee might be inferred from the fact that the action was a matter of public record, being upon the docket and files of a court of general jurisdiction, and directed the case to stand for trial, adding, "If, however, the defendants desire, they can have an order of notice of this action served upon the assignee which will conclude him of record." There is nothing in the cases cited in *Lancey* v. *Foss* which supports the proposition that knowledge in this connection may be inferred from the fact that the action is pending in a court of general jurisdiction, and so far as that case goes on that ground we are not prepared to follow it.

*Exceptions overruled.*