## FREDERICK KEM, PETITIONER.

Suffolk, June, 1904.

*Bankruptcy — Assertion of Title by Trustee — Special Statute of Limitations — Election Not to Assume Title.*

Title to locus in this case was vested in one Edward W. Dodge at the date of his adjudication in bankruptcy (January 22, 1900), subject to two mortgages. The property was not at that time — nor is it now — worth the amount of the mortgage indebtedness, and the equity of redemption was not included by the bankrupt in his schedule of assets, nor did it in any way appear in the accounts of his trustee. The bankruptcy case was closed, the bankrupt discharged, and the referee's final report filed in October, 1900.

April 1, 1901, the first mortgage was assigned to two maiden ladies, who, instead of foreclosing it, procured a release from the mortgagor and late bankrupt, October 8, 1903, and on November 30, 1903, paid off the second mortgage, which was duly discharged in the margin.

Under the composition acts, both in the Massachusetts insolvent laws and in the present and former bankruptcy statutes, it was expressly provided that upon confirmation of the composition title should revest in the debtor to all property of which he had been by law divested. Regardless of the composition sections of the statute, the title of an assignee is always the title of a trustee, and after his trust in favor of the creditors is accomplished he holds any remaining estate in trust for the debtor. Where the trust in favor of the creditors has determined, and only a bare, legal title remains on a dry trust for the debtor, a re-conveyance may,

where time and circumstances warrant, be presumed. Greenough v. Welles, 10 Cush. 571.

The obvious difficulty is that where the trust for creditors has terminated and the indebtedness has not been discharged, title to the property still remains in the assignee.

As against this title, the special statute of limitations is urged. U. S. Bankruptcy Act, Section 11.

The special statute of limitations does not avail as against a vested title. It has to do solely with the assertion of a claim. It does not bear, except indirectly, upon title, estoppel or abandonment. Its purpose is solely to limit litigation in bankruptcy. It may result in the quieting of a title, but that is an incidental, not an essential, matter. Where title, or lawful possession, is in another, and what passes to the trustee is merely a right which must be asserted, delay beyond the statutory period will bar the trustee and all claiming under him. Conversely, where title or possession is in the trustee, the statute will operate against any rights or claims adverse to him. Bailey v. Glover, 21 Wall, 342. Dushane v. Beall, 161 U. S. 513. French v. Merrill, 132 Mass. 525. Ross v. Wilcox, 134 Mass. 21. Kenyon v. Risley, 147 Mass. 476. Rock v. Dennett, 155 Mass. 500. (Note: and see Whittredge v. Sweetser, 189 Mass. 45.)

The speedy closing up of a bankrupt estate is, however, one of the principal objects of the present bankruptcy act, and the special statute of limitations is only one detail toward that end. Under the state laws, except in composition proceedings, an insolvency case is never closed. Under the bankruptcy act, however, the situation is different. A bankruptcy case is closed. The trust itself seems to be construed as a trust to settle the affairs of the bankrupt estate — as speedily and advantageously for creditors as possible — but definitely and conclusively. However it may be under the insolvency statutes, it has been held under the bankruptcy act that title to the bankrupt's estate vests in the assignee as

an officer of the court purely for the purpose of administering the estate under the proceedings in the case then in court, and as to. any property undisposed of in the due execution of that trust, that the title reverts to the bankrupt as of his former estate upon the cessation of the trust, no re-conveyance being necessary. Colie *v.* Jamieson, 13 Nat. Bank. Reg. 1. Hudson *v.* Schwab, 18 N. B. R. 480.

Moreover an assignee is not obliged to assume the burden of profitless or worthless property of the bankrupt. Where the property is onerous and possession would carry a liability, there is a presumption, after the assignee has had reasonable opportunity to assert his claim, of an election on his part to reject the property. " It is for the assignee to determine whether or not in a given case he will assert his right to the property. He may elect not to charge the estate with the burden. Failure (to exercise his right within a reasonable time) may as against third parties be construed as an election not to claim the property." Taylor *v.* Irwin, 20 Fed. Rep. 615. Amory *v.* Lawrence, 3 Cliff, 523. " It may be assumed that the assignees regarded the expenditure of money in payment of annual dues and charges as not justifiable under the circumstances. At all events they took no steps to obtain possession, and contented themselves with the hope that masterly inactivity might enable them to assert a claim if by the efforts of (another) the load of debt was lifted, and the value of the property happened to increase. Their conduct must be viewed in no other light than that of an election not to accept this right as property of the estate." Sparhawk *v.* Yerkes, 142 U. S. 1, at 13. In Sessions *v.* Romadka a bankrupt owned a patent which he neglected to include in his schedule of assets, upon the ground that it was unproductive and of no value. After his own discharge and the discharge of his assignee in the bankruptcy case, he sold the patent, the purchaser having first applied to the former assignee, who declined to have anything to do with the

matter. It was held that this evidenced an election not to accept the property; and that the title so acquired from the debtor was good. Sessions *v*. Romadka, 145 U. S. 29.

But the examiner points out that a bankruptcy case though closed, may be re-opened on proper proceedings therefor. In such a case a new trustee would be appointed, and in him would vest the estate of the bankrupt as of the date of the original adjudication of bankruptcy, title being transferred by operation of law under the express provisions of the statute. U. S. Bankruptcy Act, sec. 70. Bilafsky *v*. Abraham, 183 Mass. 401.

The new trustee would take title, however, as did the former trustee, solely for the purposes of his trust. The law would not vest in him property which his predecessor had in good faith elected not to take. If any technical title to such an estate could be assumed as passing to him at all, it would enure only to the benefit of the purchaser. Such an election on the part of the trustee may be inferred from the facts in this case; but in addition there must be personal service of process on him in these proceedings. If after such service of process the trustee does not desire to be heard or takes no action, there may be a decree for the petitioner.

So ordered.