Code of Civil Procedure. There being no decision on which the judgment can rest, the court had no authority to amend it; and, having amended it in some respects as desired by plaintiff, and in the other respects which rendered the whole satisfactory to the defendant,. and the plaintiff having appealed from only that part which is favorable to the defendant, and which, though unauthorized, cannot be eliminated without prejudice to defendant, we are of opinion that the order should be reversed and the entire judgment vacated. The trial court may then make and file a decision disposing of the issues, and directing the proper judgment, in accordance with the provisions of section 1022 of the Code of Civil Procedure.

It follows that the order should be reversed and the entire judgment vacated, with costs. All concur.

---

(96 App. Div. 413.)

### RAND v. IOWA CENT. RY. CO.

(Supreme Court, Appellate Division, First Department. July 13, 1904.)

1. BANKRUPTCY—DISCHARGE—EFFECT.

A discharge in bankruptcy is not conclusive evidence that the bankrupt had accounted for all his property, the settlement of the bankrupt's estate being independent of the bankrupt's discharge.

2. SAME—CLAIMS NOT DISCLOSED—TITLE.

Where a bankrupt, under the advice of counsel, failed to include a chose in action in his schedules, and, by reason of his disclosing no property, no trustee was appointed for his estate, he held the title to such claim after his discharge in trust for the benefit of his creditors, to be administered through a trustee to be appointed thereafter, and hence was not entitled to maintain an action thereon for his own benefit.

Appeal from Trial Term, New York County.

Action by Ezekiel C. M. Rand against the Iowa Central Railway Company. From a judgment dismissing the complaint, plaintiff appeals. Affirmed.

Argued before O'BRIEN, HATCH, McLAUGHLIN, and LAUGHLIN, JJ.

Aaron P. Jetmore, for appellant.

Arthur H. Van Brunt, for respondent.

LAUGHLIN, J. This is an action to recover $2,000 for services, upon a quantum meruit. At the close of the evidence, counsel for defendant moved for a dismissal of the complaint. The court reserved decision of the motion, and submitted the case to the jury. A verdict was rendered in favor of the plaintiff for the entire amount claimed. We regard the verdict as against the weight of the evidence, but that view would require that the verdict be set aside, and a new trial awarded. This was not done by the trial court, but, as already appears, the motion to dismiss the complaint was granted after the rendition of the verdict. It appeared that, after the plaintiff's alleged cause of action against the defendant accrued, he made a voluntary petition in bankruptcy to the District Court for the Southern District of

New York, and prior to the commencement of the action was duly adjudged a bankrupt, and obtained a discharge in bankruptcy. These facts are uncontroverted, and it further appeared that the plaintiff did not, in the bankruptcy proceedings, disclose the existence of the claim upon which this action is founded, or any other asset, and consequently no trustee was appointed. The dismissal of the complaint can only be sustained, if at all, on the theory that, by operation of law, by virtue of the bankruptcy proceedings the plaintiff was divested of the right to maintain an action upon this chose in action. The plaintiff contends that the title and right to maintain the action remained in him until the appointment of a trustee in bankruptcy, and, since one was not appointed, his title and right have not been divested. This contention on the part of the plaintiff seems so extraordinary, and fraught with consequences so disastrous to the rights of creditors, that a court should hesitate to so declare the law, unless there be no avenue of escape. At first blush it would seem that the plaintiff not only perpetrated a fraud upon the bankruptcy court, but having, by the bankruptcy proceedings, lulled his creditors into acquiescence, now claims the right to recover upon this claim upon the theory that the adjudication in bankruptcy discharges him from all liability to his creditors. It should be stated, however, that the testimony of the plaintiff in his own behalf tends to show that this claim was not fraudulently concealed, but that it was omitted in good faith by advice of counsel. However that may be in this particular case, it is manifest that, if the court decides that the plaintiff may maintain this action, fraudulent bankruptcy proceedings will be multiplied manifold, and causes of action will be concealed with a view to being prosecuted by the bankrupt in his own right after obtaining his discharge. It will be but little protection to creditors to hold that they may apply to the bankruptcy court for the appointment of a trustee to whom the plaintiff would be obliged to account for the proceeds of the litigation. The decision of the question requires a review of the provisions of the different bankruptcy acts relating to the divestment of the bankrupt's title. Section 3 of the bankrupt act of 1841 (Act Aug. 19, 1841, c. 9, 5 Stat. 442) provided as follows:

"That all the property and rights of property of every name and nature, and whether real, personal or mixed, of every bankrupt, except as hereinafter provided, who shall, by a decree of the proper court, be declared to be a bankrupt within this act, shall, by mere operation of law, ipso facto, from the time of such decree be deemed to be divested out of such bankrupt without any other act, assignment or other conveyance whatsoever; and the same shall be vested by force of the same decree in such assignee as from time to time shall be appointed by the proper court for this purpose. * * *"

It is clear and is conceded that by virtue of this statutory provision the bankrupt, upon being declared a bankrupt, was, by operation of law, divested of all title, regardless of the question as to whether there was an assignee to whom the title passed. Section 14 of the bankruptcy act of 1867 (Act March 2, 1867, c. 176, 14 Stat. 522) provided as follows:

"That as soon as said assignee is appointed and qualified, the judge, or, where there is no opposing interest, the register, shall by an instrument under his hand, assign and convey to the assignee all the estate, real and personal,

of the bankrupt, with all his deeds, books and papers relating thereto, and such assignment shall relate to the commencement of said proceedings in bankruptcy, and thereupon by operation of law, the title to all such property and estate, both real and personal, shall vest in said assignee."

In the case of Hampton v. Rouse, 22 Wall. 263, 22 L. Ed. 755, it was held that under this provision of law the title remained in the bankrupt until the execution of the assignment and conveyance as therein provided. This also seems to have been the construction placed upon the same provision by the courts of our own and other states. McDonnell v. Bauendahl, 4 Hun, 265; Sutherland v. Davis, 42 Ind. 46. The corresponding provision of the bankruptcy act of July 1, 1898, c. 541, 30 Stat. 565 [U. S. Comp. St. 1901, p. 3451], is section 70, which provides as follows:

"Section 70. Title to Property. (a) The trustee of the estate of a bankrupt upon his appointment and qualification, and his successor or successors, if he shall have one or more, upon his or their appointment and qualification, shall in turn be vested by operation of law with the title of the bankrupt as of the date he was adjudged a bankrupt, except in so far as it is to property which is exempt, to all * * * (6) rights of action arising upon contracts, or from the unlawful taking or detention of, or injury to, his property. * * * (d) Whenever a composition shall be set aside or discharged the trustee shall upon his appointment and qualification be vested, as herein provided with the title to all the property of the bankrupt as of the date of the final decree setting aside the composition or revoking the discharge. * * * (f) Upon the confirmation of the composition offered by a bankrupt the title to his property shall thereupon revest in him."

It will be seen that the bankruptcy act of 1867 differed from the present bankruptcy act in that under the former a formal conveyance or assignment of property was essential to vest title in the assignee, whereas under the present act title vests by operation of law, as under the act of 1841; the only difference between the act of 1841 and the present act in that regard being that under the former it is expressly declared that upon being decreed a bankrupt the title of the bankrupt shall be divested by mere operation of law from the time of such decree, and under the present act it is declared that the trustee, upon his appointment and qualification, shall be vested by mere operation of law with the title of the bankrupt as of the date of the adjudication in bankruptcy.

Section 17, subd. "a," of the present act provides that "a discharge in bankruptcy shall release a bankrupt from all his private debts." 30 Stat. 550 [U. S. Comp. St. 1901, p. 3428]. Section 21, subd. "f," provides that "a certified copy of an order confirming or setting aside a composition or granting or setting aside a discharge shall be evidence of the jurisdiction of the court, the regularity of the proceedings and of the fact that the order was made." 30 Stat. 552 [U. S. Comp. St. 1901, p. 3431]. Section 15 (30 Stat. 550 [U. S. Comp. St. 1901, p. 3428]) provides that the judge may, upon the application, made within one year after discharge in bankruptcy, of parties in interest who have not been guilty of undue laches, revoke it upon the trial, if it shall be established that it was obtained through fraud on the part of the bankrupt. In re Shaffer, 4 Am. Bankr. Rep. 728, 104 Fed. 982, it was held that this operated as a statute of limitations,

and that the decree became final after the lapse of one year. I do not understand, however, that these provisions relating to the discharge, or to an application to vacate it, have any natural bearing on the question as to the right of the bankrupt to maintain subsequently an action on a cause of action which accrued prior to the time his petition was presented. I find no provision of law, and no decision is cited, to the effect that the discharge is conclusive evidence that the bankrupt has accounted for all his property. The settlement of the estate in bankruptcy appears to be independent of the discharge, and the discharge may be, and often is, granted before the estate has been settled. See sections 14 and 55f of the bankruptcy act (30 Stat. 550, 559 [U. S. Comp. St. 1901, pp. 3427, 3442]). Where a trustee has been appointed, and the estate settled, it may be reopened upon its appearing that other assets have been discovered which have not been administered. Section 2, subd. 8 (30 Stat. 545 [U. S. Comp. St. 1901, p. 3421]). If the bankrupt, either before or after his discharge, knowingly conceals assets from his trustee, he is guilty of a crime, and liable to two years' imprisonment. Section 29, subd. "b," 30 Stat. 554 [U. S. Comp. St. 1901, p. 3433]. The petition must show that the bankrupt is willing to surrender all his property not exempt. General articles in bankruptcy 38, form 1, 89 Fed. xiv, xv, 32 C. C. A. xxxvii, xxxix. I think it is the fair intent and true construction of the bankruptcy act and rules, that, if no trustee be appointed because assets are not shown, yet a trustee may and should be appointed upon the discovery of assets. It may be that the legal title to this chose in action remained in the bankrupt, but it is clear, I think, that he holds it as trustee, and that the equitable title passed to the creditors, and the custody and control passed to the court for their benefit, to be administered through a trustee, to whom the legal title will pass upon his appointment, and that therefore the plaintiff is not the real party in interest, and cannot maintain this action. It follows that the judgment should be affirmed, with costs.

O'BRIEN, J., concurs. McLAUGHLIN and HATCH, JJ., concur in result.