(119 App. Div. 821)

## OLDMIXON v. SEVERANCE et al.

(Supreme Court, Appellate Division, First Department. June 7, 1907.)

1. BANKRUPTCY—PROPERTY PASSING TO TRUSTEE—PARTNERSHIP AND INDIVIDUAL ASSETS—ASSIGNMENTS—VALIDITY.

Where partners adjudicated bankrupts as individuals scheduled a partnership claim for goods sold, and, after the trustee had sued on it and been nonsuited, they assigned it as partners to one who assigned it to plaintiff, the trustee consenting in writing to the assignment, plaintiff acquired the right to sue thereon.

2. BANKRUPTCY—ASSETS—DUTY OF TRUSTEE.

A trustee in bankruptcy is not bound to take property of the bankrupt which may involve him in litigation.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 6, Bankruptcy, § 228.]

3. ASSIGNMENTS—VALIDITY—ESTOPPEL.

In an action on a claim assigned by bankrupts with the consent of the trustee, defendants, not having paid for the goods, could not assert the right of the trustee to the claim as against the title acquired by plaintiff with his consent.

4. CHAMPERTY—EVIDENCE.

Evidence, in an action on an assigned claim for goods, *held* insufficient to justify a finding that plaintiff's attorney purchased the claim for the purpose of bringing the action, in violation of Code Civ. Proc. § 73.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 9, Champerty and Maintenance, § 46.]

5. JUDGMENT—CONFORMITY TO PLEADING.

Where, in an action for goods sold, the complaint alleged only the sale and delivery of "goods, wares, and merchandise consisting of liquors, provisions, china, glassware, and cigars," a judgment based on the sale of a liquor tax certificate was erroneous.

Appeal from Trial Term, New York County.

Action by John C. Oldmixon against Stephen N. Severance and another. Judgment for plaintiff, and defendants appeal. Reversed, and new trial ordered, unless plaintiff stipulates to reduce the verdict; otherwise modified and affirmed.

Argued before PATTERSON, P. J., and INGRAHAM, McLAUGHLIN, CLARKE, and LAMBERT, JJ.

Stillman F. Kneeland, for appellants.
I. Henry Harris, for respondent.

McLAUGHLIN, J. This action was brought to recover the purchase price of certain goods, wares, and merchandise alleged to have

been sold and delivered to the defendants. The plaintiff had a verdict, and from the judgment entered thereon and an order denying a motion for a new trial defendants have appealed. The goods, wares, and merchandise in question were formerly owned by J. Fred Graves and Bertha Katherine Graves, his wife, who had a lease of and operated a certain hotel in the city of New York. This hotel was bought by the defendants on or about March 1, 1903, and they took the goods, wares, and merchandise in question without any definite agreement having been made as to the price to be paid. Some time during the following July, Graves and his wife were adjudged bankrupts in their individual names, and one Michaels was appointed trustee. In their schedule of personal property filed in the bankruptcy proceeding, they included the claim for the goods, wares, and merchandise sold to the defendants, and subsequently, as appears from the record and concessions made in open court upon the argument of this appeal, the trustee brought an action in the United States District Court for the Southern District of New York, against the defendants to enforce the claim. He was nonsuited, but upon what ground it is unnecessary here to consider. Thereafter, on April 30, 1905, Graves and his wife, by an instrument which they both signed, and which described them as copartners, assigned the claim to one Lee, who in turn assigned it to the plaintiff. There was also introduced in evidence at the trial an instrument, dated April 28, 1905, signed by Michaels, waiving all claim to the merchandise and consenting to the assignment to Lee.

The conclusion at which I have arrived renders it unnecessary to consider the question which was argued at some length by the appellants as to whether, if the property in question were originally owned by Graves and his wife as partners, and if they were adjudicated bankrupts as individuals, the title to the claim nevertheless vested in the trustee, for it seems to me in any event title was sufficiently shown in the plaintiff to enable him to maintain the action. The assignment by Graves and his wife to Lee, though describing them as a partnership, was signed by them in their individual names, and was clearly competent to pass whatever rights they had, whether as individuals or partners. If they owned the goods, wares, and merchandise as partners, and the claim for them did not pass to the trustee, their assignment to Lee was valid and sufficient, and the introduction of the instrument signed by the trustee was harmless error; if the title passed to the trustee, whether from them as individuals or partners, or if they were estopped from asserting that it did not pass, then the instrument signed by the trustee, in which he waived his claim and consented to the assignment, was sufficient to validate the assignment to Lee. It is well settled that a trustee in bankruptcy is not bound to take property which may involve him in litigation. Sparhawk v. Yerkes, 142 U. S. 1, 12 Sup. Ct. 104, 35 L. Ed. 915; Sessions v. Romadka, 145 U. S. 29, 12 Sup. Ct. 799, 36 L. Ed. 609. In the case last cited the action was brought to recover damages and for an injunction for the infringement of a patent. Defendant claimed that title was not shown in the plaintiff, in that he claimed as assignee, and that the original assignor, one Pointer, had been adjudicated a bankrupt before the assignment, so that the title to the patent vested

in the assignee in bankruptcy. The assignee in bankruptcy had taken no steps regarding the patent or its infringement, and had directed a prospective purchaser to negotiate directly with Pointer. The court held that title to the patent had originally passed to the assignee in bankruptcy, but that he had shown his intention not to take it, and that, while creditors of the bankrupt might have objected, "it does not lie in the mouth of an alleged infringer to set up the right of the assignee as against a title from the bankrupt acquired with the consent of such assignee."

If mere inaction and an oral permission given to a third person by a trustee is sufficient to enable the bankrupt to assign a good title, then the instrument signed by Michaels, which waived all claim to the goods sold, and expressly consented to the assignment, certainly gave Graves and his wife power to make a valid assignment to Lee, and especially so in view of the fact that he had been unsuccessful in his effort to enforce the claim. Not only this, but I do not think the defendants, who have never paid for the goods, can be heard to assert, for the purpose of defeating an action to recover the purchase price, the right of the trustee as against a title acquired with his consent.

One of the defenses strenuously insisted upon at the trial was that the plaintiff was an attorney at law and had purchased the claim with the intent and for the purpose of bringing an action thereon, and the appellants now assert that the refusal to submit this question to the jury was error. The only evidence adduced in support of this contention was that the plaintiff was an attorney at law; also, plaintiff's counsel stated in his opening to the jury that the plaintiff was a clerk in his office and had no other interest in the claim than the legal title; and it appeared that the assignment to him was made May 31, 1905, and this action begun on the 23d of June following. This evidence was insufficient to defeat the claim on that ground, or to justify the jury in finding that the plaintiff, an attorney, purchased the claim for the purpose of bringing this action. Code Civ. Proc. § 73; Moses v. McDivitt, 88 N. Y. 62; Wightman v. Catlin, 113 App. Div. 24, 98 N. Y. Supp. 1071. There was not only no evidence whatever to show that the claim was purchased with the intent and for the purpose of bringing the action, but the statement of plaintiff's counsel in the opening—which was not controverted—was to the effect that the plaintiff had no personal interest in the claim, but simply held the legal title, obviously for the purpose of enforcing the claim for the benefit of others. The court therefore did not err in denying defendants' request to go to the jury on this subject.

I am, however, of the opinion that the verdict was excessive. The inventory of the goods made by Graves and his wife included an item of $138.69 for a liquor tax certificate, and the verdict was for the entire amount stated in the inventory, which necessarily included this item. The complaint alleged only the sale and delivery of "goods, wares, and merchandise consisting of liquors, provisions, china, glassware, and cigars," and not only did this certificate fail to come within this allegation, but there was no evidence given to show that it had been assigned.

The judgment therefore should be reversed, and a new trial ordered, unless plaintiff stipulate to reduce the verdict by the sum of $138.69 and interest thereon. If such stipulation be given, then the judgment as thus modified is affirmed, without costs to either party on this appeal. All concur.