JOHN PIERPONT MORGAN, WILLIAM P. HAMILTON, HAMILTON L. SATTERLEE and LEWIS C. LEDYARD as Executors of the estate of JOHN PIERPONT MORGAN, deceased, *v.* JAMES A. OWNBEY.

1.  BANKRUPTCY—TRUSTEE NOT REQUIRED TO TAKE POSSESSION OF PROPERTY OR ASSUME CONTROL OF RIGHTS BURDENSOME TO ESTATE.

 Under Bankruptcy Act, § 70a (*U. S. Comp. St.* § 9654), all property or estate of bankrupt vests in trustee, with authority to fully administer it in his own or bankrupt's name; but he is not required to take possession of such property or assume control of such rights of bankrupt as would become burdensome to estate or entail certain and perhaps heavy expense on it.

2.  BANKRUPTCY—BANKRUPT MAY PROSECUTE RIGHTS IN OWN NAME ON TRUSTEES' REFUSAL OR NEGLECT TO TAKE ACTION.

 Where trustee, with knowledge of rights claimed by bankrupt, refuses or neglects to litigate them, bankrupt may prosecute them in his own name, as in case of foreign attachment proceedings, wherein defendant would lose right under *Rev. Code* 1915, § 4135, to disprove or avoid debt after judgment against him, if he or trustee failed to appear for such purpose within year from date of plaintiff's recognizance.

3.  BANKRUPTCY—TRUSTEE'S KNOWLEDGE OF BANKRUPT'S RIGHT TO APPEAR AND DISPROVE DEBT IN FOREIGN ATTACHMENT PROCEEDINGS HELD SUFFICIENTLY SHOWN.

 On motion to dismiss petition by defendant, after adverse judgment in foreign attachment proceedings, to frame issue as to existence or avoidance of debt, on ground of appointment of trustee in bankruptcy for defendant, evidence that latter's claim was discussed by creditors and their attorneys, who notified referee of decision to take no action, *held* sufficient to warrant finding that trustee, who failed to take action, knew of defendant's claim.

4.  BANKRUPTCY—BANKRUPT HELD ENTITLED TO ASSERT RIGHTS TO PREVENT LOSS BY LIMITATION WHERE TRUSTEE, WHETHER IGNORANT OF RIGHT OR NOT, DID NOT ACT.

 Limitation of foreign attachment statute (*Rev. Code* 1915, § 4135) as to time in which defendant may take action to disprove or avoid debt after judgment against him continues to run, whether or not defendant's trustee in bankruptcy knows of defendant's right; and in absence of fraud or improper conduct defendant may proceed thereon in his own name, for purpose of preventing his right from being outlawed, where trustee, whether in ignorance of right or not, has taken no action.

*(September* 20, 1923.)

RICHARDS, J., sitting.

*Charles F. Curley* for plaintiff.
*William F. Smalley* for defendant.

Superior Court for New Castle County, March Term, 1923.

FOREIGN ATTACHMENT, No. 46, January term, 1916.

Motion to dismiss a petition filed under *Section* 4135 of the *Revised Code* of 1915, asking the court to frame an issue.

The above plaintiffs secured a judgment against the above defendant in the Superior Court of this state by foreign attachment proceedings. The said plaintiffs entered into a recognizance with sufficient surety, as required by *Section* 4135 of the *Revised Code* of 1915, which also provides that the debtor may, within one year from the date of said recognizance, appear in court and disprove or avoid the debt; the proceeding for which may be by motion to the court, and an issue framed and tried before it.

The recognizance taken in this case was entered into on July 15, 1921, and this petition was filed in 1921.

The plaintiff's motion to dismiss the petition is based upon the fact that on December 2, 1921, the defendant was adjudicated a bankrupt by the United States District Court for the District of Colorado; that a trustee in bankruptcy was appointed whose bond with surety was duly approved, and that consequently said trustee in bankruptcy became vested with any claim or interest which the defendant had in the foreign attachment proceeding by which judgment was recovered against him in the Superior Court.

The testimony, in support of the motion taken in Colorado by oral examination, brought out the fact that the defendant's claim under the foreign attachment proceeding was not included in his schedule; also that the trustee failed to put forth any effort to realize anything upon it.

RICHARDS, J., delivering the opinion of the court:

The sole question in this case, is, whether the defendant Ownbey, is himself, entitled to file this petition, or has any claim or interest arising out of the above stated foreign attachment proceeding which can be litigated by him personally after he has been adjudicated a bankrupt.

*Section* 70a, of the *Bankruptcy Act of* 1898 (*U. S. Comp. St.* § 9654), provides as follows :

"The trustee of the estate of a bankrupt, upon his appointment and qualification, and his successor or successors, if he shall have one or more, upon his or their appointment and qualification shall in turn be vested by operation of law with the title of the bankrupt, as of the date he was adjudged a bankrupt, except in so far as it is to property which is exempt, to all (1) documents relating to his property; (2) interests in patents, patent rights, copyrights, and trade-marks; (3) powers which he might have exercised for his own benefit, but not those which he might have exercised for some other person; (4) property transferred by him in fraud of his creditors; (5) property which prior to the filing of the petition he could by any means have transferred or which might have been levied upon and sold under judicial process against him," etc.; "and (6) rights of action arising upon contracts or from the unlawful taking or detention of, or injury to, his property."

[1] It has been generally held by the courts that by operation of the Bankruptcy Act, when one is adjudicated a bankrupt all of his property or estate vests in his trustee in bankruptcy with authority to fully administer it in his own name or that of the bankrupt. *Lancey v. Foss,* 88 *Me.* 215, 33 *Atl.* 1071; *Dow v. Bradley,* 110 *Me.* 249, 85 *Atl.* 896, 44 *L. R. A.* (*N. S.*) 1041; *Fyson v. Chambers,* 9 *Meeson & Welsby,* 459; *Kenyon v. Wrisley,* 147 *Mass.* 476, 18 *N. E.* 227, 1 *L. R. A.* 348; *Atwood v. Bailey,* 184 *Mass.* 133, 68 *N. E.* 13; *Metz v. Emery,* 110 *Kan.* 405, 204 *Pac.* 734; *In re Wiseman & Wallace* (*D. C.*), 159 *Fed.* 236; *Conner v. Long,* 104 *U. S.* 228, 26 *L. Ed.* 723; *Gilmore v. Bangs,* 55 *Ga.* 403; *Griffin v. Mutual Life Ins. Co. of N. Y.,* 119 *Ga.* 664, 46 *S. E.* 870; *Thatcher v. Rockwell,* 105 *U. S.* 467, 26 *L. Ed.* 949.

Many of the cases further hold that the trustee may exercise his discretion in taking over property, and that he is not required to take possession of such property or assume control of such rights of the bankrupt, as would become burdensome to the estate or entail uncertain and perhaps heavy expense upon it. *Lancey v. Foss,* 88 *Me.* 215, 33 *Atl.* 1071; *Dow v. Bradley,* 110 *Me.* 249,

85 *Atl.* 896, 44 *L. R. A.* (*N. S.*) 1041; *Griffin v. Mutual Life Ins. Co. of N. Y.*, 119 *Ga.* 664, 46 *S. E.* 870; *Sparhawk v. Yerkes*, 142 *U. S.* 1, 12 *Sup. Ct.* 104, 35 *L. Ed.* 915; *Dushane v. Beall*, 161 *U. S.* 516, 16 *Sup. Ct.* 637, 40 *L. Ed.* 791; *Oldmixon v. Severance*, 119 *App. Div.* 821, 104 *N. Y. Supp.* 1042.

This principle appears to me to be sound, for if a trustee in bankruptcy should attempt to assert all rights claimed by the bankrupt, however hazardous the same might be, he would not only incur uncertain and heavy expense upon the estate but in many cases it would be greatly reduced, if not exhausted thereby.

In addition to this objection it would be necessary to keep the estate open for a much longer time, and the creditors would be deprived of a portion of the benefit to be obtained from it.

[2] In addition to holding that the trustee may refuse to litigate such rights claimed by the bankrupt which he considers doubtful and uncertain, the courts have taken the further position that where it appears that the trustee had knowledge of such rights claimed by the bankrupt and still refused or neglected to take action upon them, the bankrupt could prosecute them in his own name. *Sparhawk v. Yerkes*, 142 *U. S.* 1, 12 *Sup. Ct.* 104, 35 *L. Ed.* 915; *Lancey v. Foss*, 88 *Me.* 215, 33 *Atl.* 1071; *Dow v. Bradley*, 110 *Me.* 249, 85 *Atl.* 896, 44 *L. R. A.* (*N. S.*) 1041; *Atwood v. Bailey*, 184 *Mass.* 133, 68 *Atl.* 13; *Thatcher v. Rockwell*, 105 *U. S.* 467, 26 *L. Ed.* 949; *In re Wiseman & Wallace* (*D. C.*), 159 *Fed.* 236.

This position does not seem unreasonable when considered in connection with the provisions of the foreign attachment statute of this state. If the defendant Ownbey, or the trustee of his bankrupt estate, had failed to appear in court for the purpose of disproving or avoiding the judgment recovered against him, within one year from the date of the recognizance entered into by the plaintiffs, his rights under the statute would have been lost.

Would it be reasonable to hold that Ownbey was required to sit idly by, with his hands folded, and see his rights barred by the limitations of the statute because his trustee in bankruptcy did not consider them of sufficient importance to press them?

[3] The fact should not be forgotten that Ownbey was the

defendant in the original writ of foreign attachment issued by this court, whose faith in his claim was so great that he carried it to the Supreme Court of the United States; but notwithstanding this situation, counsel for the plaintiffs in this motion contends that he should abandon his right to appear and disprove the judgment recovered against him, because he has been adjudicated a bankrupt, even though the trustee of his estate has remained inactive and taken no steps to protect his rights. Counsel for the plaintiffs in this motion further contends, and in support of his first mentioned contention, that it does not appear in this proceeding that the trustee in bankruptcy had knowledge of Ownbey's right to appear and disprove said judgment recovered against him by foreign attachment. In order to determine this point it will be necessary to examine the testimony taken before the commissioner in Denver, Colorado.

(The court then quoted from the testimony.)

While the above-cited testimony does not bring out clearly that the trustee knew of the defendant Ownbey's claim under the Delaware statute, yet it does show, to my satisfaction, that it was brought to the attention of the creditors at their first meeting and was discussed by them or the attorneys representing them. Said testimony further shows, that the attorneys for the creditors were given time in which to decide whether they desired to raise funds to prosecute the claim and that they finally notified the referee that they had concluded to take no action in the matter. Upon this state of facts it may well be assumed that the trustee himself knew of the defendant's claim and was depending upon the attorneys for the creditors to instruct him what course to take.

In my judgment this case is clearly within the principle laid down in a number of the cases above referred to, namely, that a trustee in bankruptcy is not bound to assume control of property of an unprofitable nature and which would entail expense upon the estate. *Lancey v. Foss*, 88 *Me.* 215, 33 *Atl.* 1071; *Sparhawk v. Yerkes*, 142 *U. S.* 1, 12 *Sup. Ct.* 104, 35 *L. Ed.* 915; *Dushane .v. Beall*, 161 *U. S.* 515, 16 *Sup. Ct.* 637, 40 *L. Ed.* 791.

The case of *Rand v. Iowa Central Ry. Co.*, 96 *App. Div.* 413, 89 *N. Y. Supp.* 212, cited in plaintiffs' brief, does not appear to me to be in point, as it appears from the opinion of the court that the bankruptcy proceedings did not disclose the existence of the claim upon which the suit was brought, or any other assets and no trustee was appointed. Therefore, it could not be shown that the trustee had knowledge of the plaintiff's claim, or that he had refused to consider it or take action upon it.

In the case of *Dushane v. Beall*, 161 *U. S.* 513, 16 *Sup. Ct.* 637, 40 *L. Ed.* 791, from which the attorney for the plaintiffs quotes in his brief, it appears that the decision of the court was based upon the fact that the trustee did not have knowledge of the claim. Likewise in *Atwood v. Bailey*, 184 *Mass.* 133, 68 *N. E.* 13, *Laing v. Fish*, 119 *Ill. App.* 645, *In re Wiseman & Wallace (D. C.)*, 159 *Fed.* 236, *Buckingham v. Buckingham*, 36 *Ohio St.* 68, *Rand v. Sage*, 94 *Minn.* 344, 102 *N. W.* 864, all of which are cited in plaintiffs' brief, it appears that the trustee had no knowledge of the existence of the claim or right which the bankrupt attempted to enforce. I, therefore, fail to see how these cases can be considered authorities in support of the contention of counsel for the plaintiff in this motion.

I admit that there was considerable testimony taken in Colorado in addition to that which I have quoted above, some of which tends to contradict it, but I am clearly convinced that said testimony was sufficient to bring to the knowledge of the trustee the existence of the claim or right which the defendant desires to establish. The plaintiffs' motion should, therefore, be denied.

[4] There is another reason why the motion to dismiss this petition should be denied, namely, the provision of our foreign attachment statute with respect to the time in which the defendant in the writ may take action to disprove or avoid the debt. Whether the trustee in bankruptcy of James A. Ownbey did or did not know, of his right to disprove or avoid the judgment recovered against him by the Morgan executors, within one year from the date of the recognizance entered into by them, the limitations of the statute continued to run.

If the defendant Ownbey, or the trustee of his bankrupt estate, had failed to take action within the one year prescribed by the statute, the right to do so would have been lost.

In the absence of fraud or improper conduct on the part of Ownbey, he was not required to allow his right to become outlawed because the trustee of his estate refused to recognize it, but was entitled to proceed upon it in his own name.

The motion to dismiss the petition is, therefore, denied.