James H. Boomer, J.
The plaintiffs sued defendant, a tenant, for damages caused by fire to the rental property owned by plaintiffs. After the fire plaintiffs were adjudicated bankrupts. In the schedule of assets annexed to their petition in bankruptcy, plaintiffs listed, “ possible cause of action against (defendant), for fire loss.” The trustee in bankruptcy reported to the bankruptcy court that the estate had “no assets” and the court approved the report.
Defendant moves to dismiss the complaint upon the ground that the plaintiffs have no legal capacity to sue claiming that the cause of action belongs to the trustee in bankruptcy, not to the plaintiffs. .Plaintiffs cross-move to dismiss the affirmative defense that the plaintiffs have no legal capacity to sue.
Section 70 of the Bankruptcy Act (U. S. Code, tit. 11, § 110, subd. [a], par. [6]) vests in the trustee in bankruptcy title of the bankrupt to rights of action for wrongful injury to the bankrupt’s property. Thus, upon the appointment of the trustee in bankruptcy, the trustee and not the plaintiffs had the *449 legal capacity to sue upon the cause of action for damage by fire to the plaintiffs’ property.
The plaintiffs contend, however, that the trustee abandoned the cause of action against the defendant and title to it as reverted to the plaintiffs. A trustee in bankruptcy has the power to abandon assets such as doubtful causes of action which may be burdensome to the bankrupt estate (4A Collier, Bankruptcy [14th ed.], p. 502 ; Oldmixon v. Severance, 119 App. Div. 821). “A formal act [of abandonment] is not absolutely essential and * * * any clear manifestation of the trustee’s intent to disclaim will suffice.” (4A Collier, Bankruptcy [14th ed.], p. 505). “ Abandonment of an asset by the trustee divests the trustee of his title. * * * Bevestment of the title to abandoned property in the bankrupt is the corollary of divestment of the trustee.” (4A Collier, Bankruptcy [14th ed.], pp. 514-515).
From the undisputed facts it appears that the trustee in bankruptcy has abandoned this cause of action; hence, the cause of action has revested in the plaintiffs. The plaintiffs listed this ‘ ‘ possible ’ ’ cause of action in their schedule of assets in the bankruptcy proceeding. Yet, the trustee determined there were no assets and the court approved his determination. With knowledge of this cause >of action listed in the schedule, the trustee has .started no action thereon and has permitted the Statute of Limitations to expire.
Subdivision e of section 11 of the Bankruptcy Act (U. S. Code, tit. 11, § 29, subd. [e]) provides that “ a receiver or trustee may, within two years .subsequent to the date of adjudication or within such further period of time as the Federal or State law may permit, institute proceedings in behalf of the estate upon any claim which the period of limitation fixed by Federal or State law had not expired at the time of the filing of the petition in bankruptcy.” This cause of action accrued on January 28, 1966, when the fire occurred. Plaintiffs were adjudicated bankrupt on July 20, 1966. State law permits a cause of action for damage to property to be brought within three years (CPLB 214, subd. 4). The trustee, therefore, had the further period of time permitted by State law or until January 27, 1969, to start the action. The plaintiffs waited until that last day and when the trustee did not start the action, they did.
The trustee has effectively abandoned this cause of action; for, by permitting the period of limitations to expire, he has irrevocably foregone his right to sue. Defendant’s motion to dismiss the complaint, therefore, is denied and plaintiffs ’ motion to strike the affirmative defense is granted. '